STATE v. HOLMES PETERSON.

(Filed 5 January, 1938.)

1. **Automobiles § 32e—Evidence held to sustain conviction of second degree murder resulting from reckless operation of truck.**

Evidence that defendant, while intoxicated, drove a truck at an excessive speed, ran off the highway, through a yard fence and parallel to the highway for a distance of 122 feet, knocking down a five-inch maple, an eight-inch telephone pole, a nine-inch guy pole, and hit deceased, causing fatal injuries, *is held* sufficient to sustain a conviction of second degree murder.

2. **Automobiles § 32d—**

Testimony of speed of truck a quarter of a mile from the scene of the accident held competent on authority of *S. v. Leonard,* 195 N. C., 242.

3. **Criminal Law § 44c—Failure of defendant to deny accusation of drunken driving held competent as implied admission.**

Testimony that defendant was accused immediately after the fatal accident with driving while drunk and that he failed to make satisfactory answer or denial *held* competent as an implied admission, and testimony of declarations later made by defendant which were not responsive to the accusation and were not addressed to the accuser, cannot *be held* competent as a denial of the accusation.

4. **Criminal Law § 81c—Error must be prejudicial in order to entitle defendant to a new trial.**

In this appeal from a conviction of second degree murder resulting from the reckless operation of a truck, which was driven off the highway, for some distance and struck deceased while she was standing in her yard, defendant excepted to the exclusion of testimony that after the accident he asked to telephone officers about an automobile which he contended ran him off the road, causing the accident. There was plenary evidence that defendant was driving drunk and at an excessive speed. *Held:* The exclusion of the testimony cannot be held for reversible error, since the testimony, without more, does not show that the fatal accident was not the result of defendant's culpable negligence even if he were forced off the road, and therefore could not have affected the verdict.

APPEAL by defendant from *Alley, J.,* at August Term, 1937, of YANCEY.

Criminal prosecution, tried upon indictment charging the defendant with the murder of Mrs. S. J. Brown.

The evidence on behalf of the State tends to show that on the afternoon of 24 April, 1937, the defendant was driving a Chevrolet lumber truck on Highway No. 69, traveling west from Burnsville; that as he approached the home of Stonewall Brown, and about ¼ mile therefrom, he was driving at the rate of 75 miles an hour (objection; exception);

that 122 feet east of the Brown home the truck left the highway, and when it came to a stop, the yard fence in front of the house was knocked down, two or three posts were uprooted, one 5-inch maple tree (in yard), one 8-inch telephone pole, and one 9-inch guy pole were cut down, the truck was wrecked, and Mrs. Brown was killed. The width of the road at this point is 23 feet, including shoulders; the fence in front of the Brown home was 13 feet from the hard surface. The body of the deceased was found 52 feet from the front gate in the ditch line behind the truck. It is further in evidence that the defendant was drunk, or under the influence of intoxicating liquor; that three whiskey bottles were found at the scene—two of them at the truck and one of these had about two inches of whiskey in it.

Just after the wreck, Gus McFalls saw the defendant standing in the road. He inquired of him, "Who did this?" His answer was, "I was driving the truck." McFalls then said to the defendant: "You are drunk, aren't you? I can smell liquor on you." His reply was, "Whiskey nothing," and that is all he said.

The defendant sought to show that he asked some of the Brown children if they had a telephone, that he wanted to call the officers and have them get the automobile that drove him off the road. (Objection sustained.)

Two young men were riding with the defendant in the truck, and they both testified that the defendant was not driving at an excessive rate of speed; that he was not drunk, though he had been drinking during the course of the day; and that just prior to the wreck an approaching car driven at a high rate of speed crowded the defendant's truck off the highway.

The defendant was not examined as a witness at the trial.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for a term of 7 years.

The defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Charles Hutchins, E. L. Briggs, and Bill Atkins for defendant.*

STACY, C. J. This case is controlled by the decision in *S. v. Trott,* 190 N. C., 674, 130 S. E., 627, where a conviction of second degree murder, resulting from the reckless operation of an automobile, was upheld, and *S. v. Leonard,* 195 N. C., 242, 141 S. E., 736, where the verdict was guilty of manslaughter.

The *Leonard case, supra,* is direct authority for the admission of the evidence tending to show the speed of the truck a quarter of a mile from

the scene of the wreck. Its excessive speed at the time of the crash is demonstrated by the mute evidence of destruction and death. Likewise, the evidence of intoxication is plenary.

The defendant says he was not permitted to show an effort on his part to telephone the officers about the automobile which drove him off the road. It is uncertain from the record whether this evidence was before the jury or not, but if excluded, the exception is without merit. *S. v. Wilson,* 205 N. C., 376, 171 S. E., 338. The request, if made, was not a part of the conversation which the defendant had with the witness Gus McFalls. *S. v. Portee,* 200 N. C., 142, 156 S. E., 783. Nor does it tend to show a justifiable homicide. *S. v. Edwards,* 211 N. C., 555, 191 S. E., 1, cited by defendant, is inapplicable. *Non constat* that the defendant could not have avoided the injury even if he were crowded off the road. This evidence, without more, would not have affected the verdict. The foundation for the application of a new trial is the allegation of prejudice arising from error. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

The remaining exceptions are equally untenable. They have all been examined; none is of sufficient moment to warrant a disturbance of the trial.

The verdict and judgment will be upheld.

No error.