STATE v. W. J. KELLY.

(Filed 11 December, 1946.)

1. Automobiles § 30d—

In a prosecution for drunken driving, evidence that defendant was found intoxicated at his place of business some 12 to 14 hours after the time of the offense charged, without evidence that the state of intoxication was a continuous one, is incompetent and its admission is prejudicial error entitling defendant to a new trial.

STATE *v.* KELLY.

**2. Criminal Law § 29f: Evidence § 26—**

Whether the existence of a state of affairs at one time is competent to show the existence of the same state at another time is a question of materiality or remoteness to be determined upon the facts of each particular case in accordance with the nature of the subject matter, the length of time intervening, and a showing, if any, as to whether conditions had remained unchanged.

APPEAL by defendant from *Phillips, J.,* at April Term, 1946, of ANSON.

Criminal prosecution tried upon a warrant charging the defendant with the unlawful operation of a motor vehicle on the public highways while under the influence of intoxicants.

Verdict: Guilty. Judgment: Ninety days on the roads. The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*B. M. Covington for defendant.*

DENNY, J. The State offered evidence tending to show that the defendant operated his automobile on Highway 74, within the city limits of Wadesboro, on Friday, 1 December, 1944, about 11:40 p.m., while under the influence of an intoxicant. The defendant offered evidence tending to show he was not under the influence of an intoxicant at the above time. The evidence is in sharp conflict.

The defendant assigns as error the admission of evidence, over his objection, to the effect that he was found drunk in his place of business on the following Saturday afternoon, and to the court's instruction to the jury in connection therewith, in the following language: "Gentlemen of the jury, the condition of the defendant on Saturday afternoon will only be considered by you as tending to show what his condition was at the time he is alleged to have been driving his car drunk and for no other purpose."

The State contends that where there is evidence of defendant's intoxication at the time in question, that evidence of his intoxication several hours afterwards should not be held inadmissible but should be allowed; and that the remoteness should go to its weight and not to its admissibility. If the rule be otherwise, where is the line to be drawn between evidence that is too remote and evidence that is not?

More than twelve hours elapsed between the time the defendant is charged with operating his automobile while under the influence of liquor and the following Saturday afternoon when he was found drunk in his place of business. We do not think evidence that the defendant

was drunk on Saturday afternoon, some twelve or fourteen hours after the time in question, is admissible as evidence or corroborative evidence as to the condition of the defendant at the time he was driving his automobile the night before. 32 C. J. S., 579, p. 433, *et seq.*

The State did not offer evidence tending to show that the defendant was intoxicated continuously from 11:40 p.m., on 1 December, until the afternoon of the next day. None of the witnesses for the State saw the defendant after midnight Friday until the following afternoon.

Where the line is to be drawn between evidence that is too remote and evidence that is not, is not a new question. The rule in this respect, which is in accord with our decisions, is given by Stansbury on Evidence, sec. 90, p. 170, as follows: "Whether the existence of a particular state of affairs at one time is admissible as evidence of the same state of affairs at another time, depends altogether upon the nature of the subject matter, *the length of time intervening,* and the extent of the showing, if any, on the question of whether or not the condition had changed in the meantime. The question is one of the materiality or remoteness of the evidence in the particular case."

This Court said in the case of *Raynor v. R. R.,* 129 N. C., 195, 39 S. E., 821: "A man may be drunk at 11 o'clock in the forenoon and sober up by 3:45 in the afternoon, or *vice versa,* he may be sober in the forenoon and by 3:45 in the afternoon be drunk. Neither drunkenness nor soberness is a necessarily continuing state. Both conditions are liable to rapid and frequent fluctuations. Therefore, plaintiff's condition four hours after last seeing him could neither be evidence nor corroborative evidence as to his real condition when seen. *Story v. R. R.,* 133 N. C., 59, 45 S. E., 349; *Moore v. Insurance Co.,* 192 N. C., 580, 135 S. E., 456.

Evidence tending to show the speed of defendant's truck a quarter of a mile away from the scene of the wreck was held admissible in the case of *S. v. Peterson,* 212 N. C., 758, 194 S. E., 498. Evidence as to the speed of plaintiff's car three or four miles from the scene of the accident was held properly excluded in *Barnes v. Teer,* 218 N. C., 122, 10 S. E. (2d), 614.

While the defendant does not contend that the evidence adduced in the trial below was insufficient to carry the case to the jury, he does insist that he is entitled to a trial free from prejudicial error. In this we concur.

There are other meritorious exceptions presented on this record, but since there must be a new trial, we deem it unnecessary to discuss them.

New trial.