HELEN MILLS WEBB AND B. W. WEBB v. GUY HUTCHINS.

(Filed 8 October, 1947.)

**1. Automobiles § 18g (2): Evidence § 45—**

A patrolman not present at the time of the accident is not competent to give an opinion as to the speed of a car involved in the collision.

**2. Automobiles § 13—**

The rule that a motorist traveling on his right or seasonably turning thereto has the right to assume that a car approaching from the opposite direction will comply with G. S., 20-148, and turn to its right in time to avoid a collision, does not exculpate a motorist who runs completely off the road to his right, loses control, and hits a car standing still completely off the hard surface on its left side of the highway with its lights on, since the rule merely absolves a motorist from blame if he continues at a reasonable rate of speed in his line of travel in reliance on the assumption, but does not relieve him from the duty of knowing the position of his car on the highway from his own observation.

**3. Automobiles § 8d—**

The parking of an automobile on its left side of the highway completely off the traveled portion thereof under the circumstances of this case was not in violation of statute.

**4. Automobiles § 21—**

Plaintiffs were guests in an automobile which had stopped on its left side of the highway completely off the hard surface in order for them to alight. The car was struck by defendant's car approaching from the opposite direction. *Held:* Even conceding that defendant's evidence disclosed negligence on the part of the driver of the car in which plaintiffs were

1—228

riding in having his lights focused down the highway so bright as to blind defendant, such negligence would not preclude recovery by plaintiffs unless the sole proximate cause of the injury.

APPEAL by plaintiffs from *Pittman, J.,* at June-July Term, 1947, of RUTHERFORD. New trial.

Civil action to recover damages for personal injuries resulting from the alleged negligent operation of an automobile.

On the night of 20 June 1946, Foy L. Crow and wife, who live about 3½ miles from Spindale, "picked up" plaintiffs, who live on the same highway nearer Spindale, and went to a picture show. On the way back home Crow drove his car to the left of the highway, completely off the hard surface, in front of the Webb home, for the purpose of discharging his guest passengers. After the Webbs alighted they stood and talked to the Crows for about thirty minutes. Defendant approached on his automobile, going toward Spindale. He drove off the highway 39 yards from the Crow car, continued on until he hit a tree near the parked car, crushed the front wheel of his car, "glanced around" the tree to the left, hit the Crow car and knocked it 25 feet, struck Mrs. Webb and threw or carried her 65 feet down the road, and stopped in the road ditch 24 yards beyond the point of impact. After he left the hard surface his wheels cut trenches in the dirt one to two inches deep. After the front wheel was crushed the car plowed up the dirt several inches deep and from 12 to 14 inches wide to the point where the car stopped. Mrs. Webb was seriously injured.

Plaintiffs' evidence tends to show that the Crow car had its headlights dimmed and the car was standing so as to focus the lights away from the road across a field. Defendant testified the lights were focused down the road in the direction from which he was approaching and were sufficiently bright to blind him. This evidence in respect to the lights and evidence concerning the speed at which defendant was traveling is the only substantially conflicting testimony respecting the actual occurrence appearing in the record.

Defendant testified: "I pulled to the right for I thought he was coming facing me. I was thinking he would get back on his side of the highway. . . . His lights were blinding me when I left the road 39 yards below where his car was parked."

*Feme* plaintiff seeks to recover compensation for physical injuries and her husband seeks to recover damages for loss of services of his wife and also hospital, medical, and other expenses incurred by him in the necessary treatment of his wife's injuries.

Appropriate issues were submitted to the jury and they answered the issue of negligence in favor of defendant. The court entered judgment on the verdict and plaintiffs appealed.

*Hamrick & Hamrick for plaintiff appellants.*
*Oscar J. Mooneyham and J. Paul Head for defendant appellee.*


BARNHILL, J.   The plaintiffs assign as error the refusal of the court below to permit their witness, a patrolman who was not present at the time of the accident, to give his opinion of the speed of defendant's car. The assignment is without merit.   *Tyndall v. Hines Co.,* 226 N. C., 620.

The court instructed the jury in part as follows:

"In this case, gentlemen of the jury, the defendant Hutchins, as he drove along this highway and as he saw these lights, the law says he had the right to assume that that car was in motion and it was on its right side of the road.   Any motorist traveling the highways of North Carolina has the right to assume that the man he is meeting, or that the man passing him, is going to drive his car in a careful and prudent manner and to follow the rules of the road, as any prudent man would do in driving a motor vehicle on the highways of the State of North Carolina."

Thus the court stated, in effect, that even though the Crow car was standing on its left, and defendant's right, hand side of the road, completely off the hard surface or traveled portion of the highway, with its lights focused across the field and not down the road, defendant had a right to assume it was in motion on its right hand side of the road.   In this there was error prejudicial to the plaintiffs.

In undertaking to sustain this charge the defendant relies on a statement in 5 A. J., 752, as follows:

"It has also been held, in this connection, that a driver of an automobile on a public highway at night, who sees in front of him the headlights of another car facing him, has a right to assume to a reasonable extent that such car is in motion and will be operated in conformity with the law of the road; he cannot be charged with contributory negligence as a matter of law in failing to stop or to discover that the other car is stalled."

This statement is bottomed on the decision in *Whitworth v. Riley,* 269 P. 350 (Okla.), 59 A. L. R., 584.   It was there held that where a motorist stops his car, in the nighttime, on his left of the center of a highway with its headlights on and leaves it thus standing without taking any precaution to indicate to drivers going in the opposite direction, by a proper signal or warning, that his car is in a dangerous position, and that oncoming drivers cannot pass to their right, and that a clear passageway is available to their left of the center of the highway, is guilty of negligence and the oncoming motorist has a right to assume, in the absence of such warning, from the fact that the headlights are on, that the stalled car is in motion and will be operated in conformity with the law.

This rule has not been adopted in this jurisdiction. Even if we concede that in a proper case it would be followed here, it has no application to the facts in this case as they appear in this record. There, the defendant's car was standing on the traveled portion of the highway, in the line of travel of oncoming cars, so that an approaching motorist continuing on his right hand side of the road would probably collide therewith. Here, the Crow car was completely off the hard surface and the defendant, had he proceeded on his right side thereof, could have passed in safety. Indeed, the uncontradicted evidence tends to show that a number of other cars did so pass.

Furthermore, that rule was applied in an action between the two motorists. Here the plaintiffs were bystanders who may not be held responsible for any contributory negligence of Crow. Even if applicable to him, the doctrine of concurring negligence would be controlling here.

A motorist who is operating his vehicle on, or who seasonably turns to, his right of the center of the road when meeting an oncoming car, as required by G. S., 20-148, has a right to assume that the other driver will likewise turn to his right so that the two vehicles may pass each other in safety. *Brown v. Products Co.,* 222 N. C., 626, 24 S. E. (2d), 334; *Reeves v. Staley,* 220 N. C., 573, 18 S. E. (2d), 239; *Hoke v. Greyhound Corp.,* 227 N. C., 412.

Even so, one who operates a motor vehicle upon a public highway is under the duty to ascertain his own position on the highway from his own observation. The rule does not justify an assumption on his part, from the fact the other car is apparently to his right, that he himself must be on his left side of the road, and does not excuse his conduct in turning completely off the highway. It merely holds him guiltless if he fails to stop or turn off onto the dirt shoulder of the road, but continues at a reasonable rate of speed in his line of travel.

There is no statute or rule in this State which prohibited the parking of Crow's automobile on its left side of the highway, completely off the traveled portion thereof. If its lights were focused down the highway and were so bright they blinded the defendant, he may be guilty of an act of negligence, but, as to these plaintiffs, this would not exculpate the defendant for his negligence, if any, unless it was the sole proximate cause of the resulting injury to plaintiffs. This is a question for the jury.

The indicated error in the charge entitles plaintiffs to a

New trial.