NANNIE T. HARRISON v. ANNIE B. KAPP AND THOMAS E. KAPP.

(Filed 14 January, 1955.)

**Automobiles §§ 8i, 18h (2)—**

This action was instituted to recover damages resulting from a collision at an intersection of streets in a municipality. Plaintiff's evidence that she entered the intersection first and that defendants entered the intersection from her left, is sufficient to take the case to the jury over defendants' motion to nonsuit. G.S. 20-155.

APPEAL by the plaintiff from *Fountain, Special Judge,* 19 July, 1954 Term, FORSYTH.

The plaintiff brought this action, alleging she suffered personal injuries and property damage on account of the actionable negligence of the defendants in a collision between her Ford and the Plymouth driven by the defendant Annie B. Kapp. The accident occurred at 11:30 a.m. on a clear day at the intersection of First Street and Cloverdale Avenue in the City of Winston-Salem.

The defendants denied negligence on the part of Annie B. Kapp and set up a counterclaim alleging actionable negligence on the part of the plaintiff and asked for recovery for personal injury and property damage suffered by the defendants.

The plaintiff's evidence disclosed that West First Street runs near east and west and that Cloverdale Avenue runs near north and south. There

STATE *v.* HILL.

was an electrically operated traffic control signal light over the center of the intersection. However, at the time of the accident this light was temporarily out of working order. The plaintiff was going west on First Street, the defendants north on Cloverdale. The defendants, therefore, were to plaintiff's left, and the plaintiff was on the defendants' right. Mrs. Motsinger, a plaintiff's witness, testified she saw the accident; that plaintiff entered the intersection first, at about 15 miles per hour; that the defendants did not stop as they approached the intersection, but entered at about 20 or 25 miles per hour. The cars came to rest on the northwest corner of the intersection.

At the conclusion of the plaintiff's evidence, motion for judgment of nonsuit was made and sustained, and from the judgment dismissing the action the plaintiff excepted and appealed.

*Ingle, Rucker & Ingle for plaintiff, appellant.*

*Deal, Hutchins & Minor, by Fred S. Hutchins, for defendants, appellees.*

PER CURIAM. The plaintiff's showing that she entered the intersection first, that she was on the right and the defendants on her left, is sufficient to survive the motion for nonsuit and take the case to the jury. G.S. 20-155. As is customary in reversing a nonsuit, we refrain from discussing the evidence, except to the extent necessary to show the reason for the conclusion reached.

Reversed.