DWIGHT T. BARKER v. GILBERT ENGINEERING COMPANY, INCORPORATED, AND GEORGE O. WETHERFORD.

(Filed 9 November, 1955.)

1. **Automobiles §§ 41h, 42f—In this action based on collision occurring when defendant turned into side road, evidence held for jury on issues of negligence and contributory negligence.**

   The evidence tended to show that plaintiff, driving north, cleared the crest of the hill, enabling him to see for the first time the truck driven by the individual defendant, traveling south, about 130 feet distant, that the truck was veering to its left of the highway, that plaintiff sounded his horn, but that the driver of the truck, without giving any signal for a left turn, continued to veer to his left to enter a side road on the east, and that the vehicles collided at the entrance of the side road. *Held:* The evidence is sufficient to justify, though not necessarily to impel, the inference that the collision was proximately caused by the negligence of the driver of the truck in turning into the side road without complying with statutory requirements, and does not disclose contributory negligence as a matter of law on the part of plaintiff, and nonsuit was improperly entered.

2. **Automobiles § 8—**

   A motorist proceeding along a highway ordinarily has the right to assume, and to act on the assumption, that the driver of a vehicle approaching from the opposite direction will comply with statutory rules of the road before making a left turn across his path; but he may not indulge this

assumption after he sees, or by the exercise of due care should see, that such assumption is unwarranted. G.S. 20-154.

APPEAL by plaintiff from *McSwain, Special Judge,* at March Special Term, 1955, of IREDELL.

Civil action to recover for personal injuries and property damage resulting from a collision of two motor vehicles, due to the alleged negligence of the individual defendant in attempting to make a left turn into a side road in front of the plaintiff's approaching automobile.

At the close of the plaintiff's evidence, the defendants' motion for nonsuit was allowed, and from judgment based on such ruling, the plaintiff appeals.

*Fred G. Chamblee for plaintiff, appellant.*
*Scott, Collier & Nash and Jack R. Harris for defendants, appellees.*

JOHNSON, J. The collision occurred on U. S. Highway No. 21 at the junction of a side road (leading to Shiloh Church) half a mile south of the Town of Troutman in Iredell County. Highway No. 21 runs north and south. The side road joins it on the east side. The two vehicles involved in the wreck were traveling in opposite directions on Highway No. 21, meeting each other. It was in the daytime and the weather was clear. The plaintiff was driving north in his Chrysler; the defendant Wetherford, agent of the corporate defendant, was going south in a truck. The two vehicles collided at the juncture of the side road as the defendant Wetherford undertook to make a left turn from the highway into the side road across the traffic lane of the plaintiff's oncoming automobile. As a result, both vehicles were damaged and the plaintiff suffered personal injuries.

Just south of the junction there is a hill crest which prevents approaching motorists from seeing each other over the hill. From the crest of the hill down to the junction it is about 100 feet. The grade is about 35 degrees. A motorist approaching from the south, as was the plaintiff, could not see the side road junction until he reached the crest of the hill.

The plaintiff testified in substance: that when he reached the top of the hill, driving between 45 and 50 miles per hour, he saw the defendants' oncoming truck. It was then about 130 feet down the hill from him—about 30 feet below the junction, and was "varying across" the center line. It was about one foot over the line in plaintiff's lane and was traveling 15 or 20 miles per hour. The plaintiff saw no turn-signal given by the operator of the truck, and not knowing "whether (he) was going to turn off or what," the plaintiff blew his horn and held it on.

The truck continued to vary to its left. It was not turning sharply—"just bearing over." The plaintiff then slammed on his brakes and pulled to the right toward the shoulder of the highway, but was unable to stop before colliding with the truck, as it angled on into the entrance of the side road.

The evidence discloses these further facts: Both vehicles came to rest in the entrance to the side road. The left front wheel of the defendants' truck was in the ditch and the right front wheel was on the hard surfaced portion of the side road. The rear of the truck extended back to about one foot from the center line of the highway. The plaintiff's Chrysler was headed north—"sitting in a northeasterly position." There were "53 feet of skidmarks extending southward up the highway from the front wheels of the plaintiff's automobile. These skidmarks angled off to the right side of the highway and the skidmark leading from the left front wheel . . . left the highway at a point approximately six feet from where the automobile was sitting. . . . The skidmarks leading to the . . . right front wheel (of the Chrysler) went off the shoulder for approximately four feet, the . . . skidmark leading to the left front wheel . . . stayed on the road until it made a definite turn . . . into the alternate road." The plaintiff's car showed damage to the left front and left side; the defendants' truck was damaged on the right front and right side. The plaintiff was familiar with the highway and knew of the location of the side road. The evidence does not disclose: (1) that there was any other traffic in the vicinity of the collision, (2) that the collision was within either a business or a residential district, or (3) that there were any nearby highway markers indicating a reduced speed zone.

Our analysis of the evidence leaves the impression it is sufficient to justify, though not necessarily to impel, the inference that the collision was proximately caused by the negligence of the defendant truck driver in turning into the side road without complying with statutory requirements. We also conclude that while the evidence may justify the inference that the plaintiff was contributorily negligent, nevertheless we think it sufficient to support the opposite inference. This makes it a case for the jury.

A motorist proceeding along a highway ordinarily has the right to assume, and to act on the assumption, that the driver of a vehicle approaching from the opposite direction will comply with statutory rules of the road (G.S. 20-154) before making a left turn across his path. *Brown v. Products Co.*, 222 N.C. 626, 24 S.E. 2d 334; *Webb v. Hutchins*, 228 N.C. 1, 44 S.E. 2d 350. True, the motorist is not permitted by law to continue to indulge this assumption after he sees, or by the exercise of due care should see, from the conduct of the oncoming driver that

such assumption is unwarranted. *Brown v. Products Co., supra; Guthrie v. Gocking,* 214 N.C. 513, 199 S.E. 707; *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593.

The judgment below is

Reversed.