ASHLEY GOLDSTON v. RANDOLPH MACHINE TOOL COMPANY, INC.,
AND W. D. SMITH AND WIFE, JEANNETTE H. SMITH.

(Filed 12 December, 1956.)

**1. Laborers' and Materialmen's Liens § 5—**

　　Where the evidence, considered in the light most favorable to plaintiff, tends to show that plaintiff filed his claim for labor and material with the owners before they had completed payment to the main contractor, or that the owners' agent, entrusted with the duties of disbursing the funds, waived the requirement of filing notice, nonsuit is error. G.S. 44-6, *et seq.*

**2. Attorney and Client § 4: Evidence § 13—**

　　Where the evidence tends to show that the owners constituted an attorney their agent for the distribution among subcontractors of the amount remaining due on the main contract for the construction of a dwelling, and plaintiff testifies that he gave the attorney notice of his claim for labor and material and the attorney stated no further notice was necessary, plaintiff has the right to examine the attorney for the purpose of showing that the claim was filed or that filing was waived, there being nothing to indicate that the examination would relate to any confidential communication between attorney and client.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Fountain, S. J.,* July, 1956 Civil Term, RANDOLPH Superior Court.

Civil action instituted 10 January, 1956, to recover $576.00 alleged to be due for material furnished and labor performed in the construction of a dwelling which the corporate defendant contracted to build for the individual defendants. The corporate defendant sub-contracted to the plaintiff certain concrete work on the building. The plaintiff completed the work on 24 October and the contractor failed to pay for it. At the time the work was completed the individual defendants were due the contractor $5,000. However, there were, besides the plaintiff's claim, others outstanding in excess of the amount due by the individual defendants on the contract. These defendants turned over to their attorneys, Miller and Beck, the amount due to the contractor with instructions to pro rate the amount among the subcontractors who had not been paid for work done and material furnished. The plaintiff gave notice by telephone on 8 December to Mr. Beck, one of the attor-

neys, and Mr. Beck told him he had the claim and that no further filing would be necessary. On 19 December, 1955, the plaintiff filed formal notice in the office of the Clerk Superior Court. The defendants' attorneys paid the plaintiff nothing, but instead applied all the money in their hands on other claims. The foregoing is in accordance with the plaintiff's allegations and evidence.

The corporate defendant did not answer. The individual defendants, by answer, denied they had any personal knowledge that plaintiff did work on the building until after 20 December, 1955. At that time their attorneys distributed to those having filed claims all the funds in their hands which constituted full payment of the amount due under their contract. They denied the plaintiff filed his claim or gave notice of it until all the money constituting the balance due had been paid out to other creditors.

The individual defendants were adversely examined by the plaintiff. Mr. Smith testified on cross-examination that he paid the $5,000 to Mr. Miller, attorney, on 21 November, 1955, with instructions to settle the claims for work done by subcontractors in so far as the amount due by him would go. The plaintiff called Attorney Miller as a witness. However, the court, on objection, refused to permit the plaintiff to examine him, apparently upon the theory his examination would violate the attorney and client privilege rule. At the conclusion of plaintiff's evidence the court signed a judgment of involuntary nonsuit, from which the plaintiff appealed.

*Ottway Burton, for plaintiff, appellant.*

*G. E. Miller, for defendants W. D. Smith and wife, Jeanette H. Smith, appellees.*

HIGGINS, J. The plaintiff alleged and offered evidence tending to show (1) he performed labor and furnished material as subcontractor in the construction of a new dwelling which the corporate defendant contracted to build for the individual defendants; (2) the contractor failed to pay for the work done; (3) the plaintiff filed a claim with the individual defendants, or their agent, as provided in G.S. 44-6 to G.S. 44-9, before they completed payment to the contractor; (4) they failed and refused to pay the plaintiff his pro rata share of the amount due on the contract.

The plaintiff's evidence, when considered in the light most favorable to him, is sufficient to raise a jury question as to whether he filed his claim in time to share in the payments made to the subcontractors, or if a proper claim was not filed, whether the defendants' agent waived the requirement. *Pumps, Inc., v. Woolworth Co.,* 220 N.C. 499, 17 S.E.

2d 639; *Mfg. Co. v. Holladay,* 178 N.C. 417, 100 S.E. 597; *Foundry Co. v. Aluminum Co.,* 172 N.C. 704, 90 S.E. 923.

The defendants constituted Attorney Miller their agent to settle the claims by pro rating the payments among the subcontractors. The plaintiff had the right to show by Mr. Miller, if he could, that the claim was filed or that filing was waived. There is nothing to indicate the examination would relate to any confidential communications. When the court refused to permit the examination, the plaintiff had no opportunity to ask competent questions and to have the answers placed in the record. This was error.

As is customary in reversing a nonsuit, we refrain from discussing the evidence, except to the extent necessary to show the reason for the conclusion reached. *Harrison v. Kapp,* 241 N.C. 408, 85 S.E. 2d 337; *Pavone v. Merion,* 242 N.C. 594, 89 S.E. 2d 108. The judgment of involuntary nonsuit is

Reversed.

JOHNSON, J., not sitting.