QUEEN CITY COACH COMPANY v. ROBERT EMERSON FULTZ AND
MRS. ROBERT EMERSON FULTZ,

AND

RALPH C. LITTLE v. ROBERT EMERSON FULTZ AND MRS. ROBERT
EMERSON FULTZ.

(Filed 28 June, 1957.)

**1. Automobiles § 8—**

If the defendant turns left across the highway to enter a driveway without giving the statutory signal, G.S. 20-154, such violation of the statute is negligence *per se*, and if it proximately causes the injury, entitles plaintiff to an affirmative answer to the issue of negligence.

**2. Appeal and Error § 45—**

Error, if any, in relation to an issue answered in favor of appellant cannot be prejudicial.

**3. Automobiles § 7—**

Apart from safety statutes, a person operating a motor vehicle must exercise proper care in the way and manner of its operation, proper care being that degree of care which an ordinarily prudent person would exercise under like circumstances and when charged with like duty.

**4. Automobiles § 37—**

Evidence that defendant driver gave signal of intention to turn left by an electrical signal device operated by a lever on the steering column, is competent to be considered by the jury on the issue of the contributory negligence of such operator, notwithstanding the absence of evidence that such signal device had been approved by the Department of Motor Vehicles, since, apart from G.S. 20-154, it is for the jury to decide whether the signal was in fact given, whether it indicated a left turn by the operator of the car, and whether the driver of the other car was negligent in failing to observe and heed such signal.

**5. Automobiles § 46—**

While an instruction that an electrical turn signal device on an automobile should be given the same attention and regard irrespective of whether it had or had not been approved by the Department of Motor Vehicles, may constitute technical error, when the charge read contextually is to the effect that it was for the jury to decide whether the signal was in fact given, and if so, whether it was sufficient to indicate an intended left turn by the operator of the automobile, and if so, whether the operator of the other car negligently failed to heed such signal, the charge will not be held prejudicial.

**6. Appeal and Error § 40—**

Mere technical error which could not have misled the jury or prejudiced appellant is insufficient ground for a new trial.

APPEAL by plaintiffs from *Rudisill, J.,* Regular "B" September Term, 1956, of MECKLENBURG.

Two civil actions growing out of a collision that occurred in Onslow County on 4 January, 1954, shortly before 11:30 a.m., between the Coach Company's bus, operated by Little, and Fultz' 1950 Mercury car, operated by Mrs. Fultz.

Plaintiffs alleged that the collision was caused by the negligence of defendants. Defendants, answering, denied negligence and pleaded contributory negligence; and defendants also alleged cross actions, based on the alleged negligence of plaintiffs. Plaintiffs, replying to said cross actions, denied negligence and pleaded contributory negligence.

The Coach Company's action was to recover for damages to the bus. Little's action was to recover for personal injuries. Fultz' cross action was to recover for damages to his car. Mrs. Fultz' cross action was to recover for personal injuries.

Both vehicles were proceeding in the same direction along Highway #258. The bus was overtaking and attempting to pass the Fultz car. The Fultz car, making a left turn, was attempting to enter a driveway to the Franks residence.

Plaintiffs' testimony tended to show that the bus was traveling 50-55 miles per hour; that the Fultz car was traveling 25-30 miles per hour; that Little, when 100 yards behind the Fultz car, blew his horn and then turned into the left or passing lane; that, when 50 yards behind the Fultz car, he blew his horn again and continued to do so until the collision; that the operator of the Fultz car gave no signal for a left turn; and that the bus was "right on" the Fultz car, which until then was traveling straight in its right lane, when the Fultz car "just whipped right across the road," making a left turn across the path of the bus.

Defendants' testimony tended to show that there were two driveways leading to the Franks residence, the second some 100-120 feet beyond the first; that, shortly after the Fultz car passed the first driveway, Mrs. Fultz slowed down from 20-25 miles per hour to 5 miles per hour and gave a left turn signal; and that the Fultz car, upon reaching the second driveway, was making a slow, gradual left turn when the collision occurred. Mrs. Fultz testified that the approach along Highway #258 to the area of the Franks driveways was uphill, "a very slow incline"; that when she reached the first driveway she observed, by her rear view mirror, that the bus was "down the incline quite a distance"; and that she heard no horn signal from the bus.

According to Little, he did not put on his brakes but cut sharply to his left, onto the shoulder, to avoid striking the left side of the Fultz car; and the right front wheel of the bus struck the Fultz car at or near its left front wheel. At that time, according to Little, at least half of the bus was "off of the hard surface, on the shoulder of the road."

As stated, plaintiffs' evidence was that Mrs. Fultz gave no signal for a left turn.  Defendants' evidence relating to the left turn signal given by Mrs. Fultz was, in substance, as follows:

The Mercury, then a new car, was purchased by Fultz in 1950 from an authorized Mercury dealer.  It was then and thereafter equipped with electrical turn signals, operated by a lever just below the steering wheel; that the lever, when pushed down, turned on blinking lights, one at the front and one at the rear, on the left side of the car, and an indicator arrow on the dashboard, pointed left, flashing a green light and accompanied by a clicking noise; that this lever, when pushed up, operated lights on the right side of the car in like manner; and that prior to 4 January, 1954, these electrical turn signals had been operating in the manner indicated.

The testimony of Mrs. Fultz was that, in giving the left turn signal, she pushed the lever down and observed the green indicator arrow pointing to the left as she approached the second driveway.

The two actions were consolidated for trial.  The jury found, by identical answers to the issues in each case, that the property damage and personal injuries sustained by plaintiffs were caused by the negligence of defendants as alleged in the complaint, and that plaintiffs, by their own negligence, contributed thereto as alleged in the answers.

Whereupon, the court entered separate judgments, each adjudging that "the plaintiff have and recover nothing of the defendants and that the defendants have and recover nothing of the plaintiff on their counterclaims," and that the plaintiff pay the costs.

Each plaintiff excepted and appealed; and, the appeals being consolidated, the plaintiffs, jointly, assign errors.

*Harris & Coble for plaintiffs, appellants.*
*Carpenter & Webb for defendants, appellees.*

BOBBITT, J.   All questions posed relate to the electrical signal device on the Fultz car.  Appellants contend that, "without a prior showing that such signal was 'approved by Department' as required by G.S. 20-154(b)," the evidence relating to the use thereof should have been excluded.  Their assignments of error challenge (1) the competency of such evidence, (2) the charge of the court relating thereto, and (3) the court's failure to give requested instructions.

If the Fultz car made a left turn without giving a signal as required by G.S. 20-154, this statutory violation would constitute negligence *per se;* and if such negligence proximately caused the collision, plaintiffs were entitled to affirmative answers to the negligence issues.  *Bradham v. Trucking Co.,* 243 N.C. 708, 91 S.E. 2d 891, and cases cited. In *Banks v. Shepard,* 230 N.C. 86, 52 S.E. 2d 215, the only case cited by

appellants, the alleged violation *by defendant* of G.S. 20-154 was considered with reference to *defendant's* negligence.

Here the jury's verdicts established the negligence of defendants. Error, if any, in relation to the negligence issues, was not prejudicial. *Anderson v. Office Supplies,* 236 N.C. 519, 73 S.E. 2d 141; *Scenic Stages v. Lowther,* 233 N.C. 555, 64 S.E. 2d 846.

We consider the assignments of error as related to the contributory negligence issues. Defendants' allegations of contributory negligence include allegations to the effect that the collision was proximately caused by the plaintiffs' failure to exercise due care "to keep a proper lookout while operating the bus on a public highway" and "to heed and have due regard for the signal for a left turn given by Mrs. Fultz."

Apart from safety statutes prescribing specific rules governing the operation of motor vehicles, a person operating a motor vehicle must exercise proper care in the way and manner of its operation, proper care being that degree of care an ordinarily prudent person would exercise under the same or similar circumstances and when charged with like duty. *Henderson v. Henderson,* 239 N.C. 487, 491, 80 S.E. 2d 383; *Kellogg v. Thomas,* 244 N.C. 722, 727, 94 S.E. 2d 903; *Weavil v. Trading Post,* 245 N.C. 106, 95 S.E. 2d 533.

In determining whether Little was negligent in overtaking and attempting to pass the Fultz car, evidence of *any* signal that indicated the intention of the operator of the Fultz car to make a left turn was relevant and competent. True, there was no evidence that this type of electrical signal device had been approved by the Department; nor was there evidence that it had not been approved by the Department. Even so, the relevancy and competency of the evidence relating to said electrical signal device, when considered in relation to the contributory negligence issues, did not depend upon prior approval by the Department. Apart from G.S. 20-154, it was for the jury to decide whether the signal was in fact given, whether it was sufficient to indicate an intended left turn by the operator of the Fultz car and whether Little was negligent in failing to observe and heed such signal. *Weavil v. Trading Post, supra.*

Appellants' contention in respect of the charge is most clearly presented by their assignment of error (No. 7) directed to a portion thereof in which the court, after noting that there was no evidence as to whether the electrical signal device on the Fultz car had been approved by the Department, instructed the jury, in part, as follows:

"... if you find that such car was equipped with a signal device which permitted the operator of the car to cause a light to flash upon the left rear of the automobile, and if you further find that such device was in good working order immediately prior to the

collision so that it would cause a light to flash on the left rear of said automobile, which could be reasonably seen by the operator of the bus, and that such flashing light was of a kind which in the common experience of operators of motor vehicles in this State indicates the intention of the driver of the vehicle to make a left turn, then the Court charges you that such signal device would, when operated by the driver of the Fultz car, give notice to the bus driver that Mrs. Fultz intended to make a left turn. The Court further charges you that if you find such a signal was given, the operator of the bus would be required to pay just as much attention to it and to control his bus with due regard as to that signal to the same extent as though there was evidence before you that the signal was approved by the Department of Motor Vehicles, . . ."

It may be conceded that it was technical error to say, "if you find such a signal was given, the operator of the bus would be required to pay *just as much* attention to it and to control his bus with due regard as to that signal *to the same extent as though* there was evidence before you that the signal was approved by the Department of Motor Vehicles." (Italics added.) In the absence of evidence that the signal device either had or had not been approved by the Department, there was no occasion for the court or jury to consider what *would have been* Little's duty *if there had been* evidence that the signal device had been approved by the Department.

The real point was not whether this type of electrical signal device had been approved by the Department, but whether *in fact* the electrical signal given by Mrs. Fultz was sufficient to warn Little of her intention to make a left turn. When the charge is read contextually, as related to the signal device, the court made it clear that it was for the jury to decide: (1) whether the signal was in fact given; if so, (2) whether it was sufficient to indicate an intended left turn by the operator of the Fultz car; and if so, (3) whether Little negligently failed to observe and heed such signal.

There is no reasonable ground to believe that the indicated technical error misled the jury or otherwise prejudiced appellants. Such harmless error is insufficient ground for a new trial. *Price v. Gray, ante,* 162, 97 S.E. 2d 844.

As to the two instructions requested by appellants, one relates explicitly and solely to the negligence issues and was a request for a peremptory instruction in plaintiffs' favor thereon. The other was a request that the court instruct the jury to "disregard all testimony relating to turn signals" and "find the facts as though there were no

evidence that any signal was given by Mrs. Fultz to indicate her intention to turn," a request properly refused by the court.

No error.