JERRY O. WILSON v. JESS WILLARD CAMP AND BILLIE LEE CAMP.

(Filed 25 March, 1959.)

**1. Appeal and Error § 1—**

An affirmative finding on the issue of contributory negligence precludes recovery by plaintiff, and therefore if none of plaintiff's exceptions relating to that issue can be sustained, other exceptions of plaintiff need not be considered.

WILSON *v.* CAMP.

**2. Negligence § 19c—**

In determining the sufficiency of the evidence to require the submission of the issue of contributory negligence, the evidence must be considered in the light most favorable to defendant and the evidence favorable to plaintiff disregarded.

**3. Same—**

If diverse inferences may be drawn from the evidence on the issue of contributory negligence, the issue is for the determination of the jury.

**4. Automobiles § 42g—**

Evidence tending to show that plaintiff, traveling west, approached an intersection in the northern lane of a four-lane highway at a high and unlawful rate of speed, that he saw a car, headed in the opposite direction, waiting to make a left turn into the intersecting road, that the other car, after waiting for two other west-bound cars to clear the intersection, proceeded to make a left turn and had cleared the inside west-bound lane and was struck by plaintiff's car in the north lane, is sufficient to require the submission of the issue of contributory negligence to the jury.

**5. Automobiles § 38—**

Testimony of witnesses that plaintiff's car passed them traveling 70 miles per hour less than a quarter of a mile from the scene of the accident, with further testimony by the witnesses that the speed continued until the car passed out of sight some 400 feet from the accident, is competent as evidence tending to show plaintiff's excessive speed at the time of the accident.

**6. Automobiles § 8—**

Where plaintiff testifies that he saw defendant's car waiting at an intersection to make a left turn, plaintiff's testimony discloses that he had notice of the intended movement, and therefore defendant's failure to give the hand signal for such turn cannot be a proximate cause of the subsequent collision.

**7. Negligence § 5—**

The omission to perform a duty cannot constitute one of the proximate causes of an accident unless the doing of the omitted duty would have prevented the accident.

**8. Automobiles § 46—**

The charge in this case on the respective duties of motorists at intersections, proximate cause and contributory negligence, *held* free from error.

APPEAL by plaintiff from *Fountain, S. J.*, August, 1958 Term, GASTON Superior Court.

Civil action to recover for personal injury alleged to have been caused by the defendant, Billie Lee Camp, minor son of Jess Willard

Camp, by reason of the negligent manner in which the son operated his father's family purpose automobile. The defendants, by answer, denied negligence, pleaded contributory negligence, and set up a counterclaim for injuries to Billie Lee Camp and damage to the automobile.

The conflicting claims grew out of an automobile collision at the intersection of U. S. Highway No. 29 and the Cramerton-McAdenville Road west of Charlotte. No. 29 is an east and west arterial paved highway, 40 feet wide. Its two north lanes carry west-bound and its two south lanes carry east-bound traffic. The Cramerton-McAdenville Road crosses No. 29 approximately at right angles. At the time of the accident an electric traffic control light was in operation at the intersection. The evidence, in material part, tended to show the following: On July 12, 1957, at about 9:30 p. m., the plaintiff and the minor defendant had an automobile collision at the intersection resulting in injury to both drivers and damage to both vehicles. The accident occurred in the north traffic lane of No. 29 as the plaintiff attempted to pass through the intersection, driving west. From the intersection eastward, visibility was limited to about 400 feet by an elevation or hill.

The plaintiff testified that as he approached the intersection from the east at about 35 miles per hour, he saw the Camp car stopped in one of the south lanes at the intersection. It attempted to make a left turn across his lane of traffic but he saw the movement too late to apply his brakes and avoid the collision.

The defendant, Billie Lee Camp, testified he approached the intersection from the west on No. 29, intending to make a turn across the north lanes and enter the McAdenville Road. He waited until two west-bound cars had passed, looked east and failed to see any other approaching traffic, gave a proper hand signal for a left turn, but before he was able to complete his intended movement into the McAdenville Road, the plaintiff's car came in sight over the hill to the east and approached the intersection at such speed that he was unable completely to get out of the intersection before the plaintiff's car struck him.

Two defendants' witnesses, Talley and Johnston, testified they approached the intersection from the east on No. 29 at about 50 miles per hour. When they were about a quarter of a mile or less from the intersection, a dark Chevrolet, also going west, passed them at a speed of 70 or more miles per hour. They observed it until it was about 400 feet from the intersection and it did not reduce speed. They were the first to arrive at the scene of the accident. Talley testified: "To my knowledge that was the same car that was involved in the

accident. . . . I would say I last sighted him just about at the blinker
lights, 400 feet from the intersection."

The plaintiff made a motion to strike the evidence of Johnston and
Talley, and excepted to the court's refusal to grant the motion.

At the close of all the evidence, the plaintiff moved to dismiss the
defendants' counterclaim, and excepted to the court's refusal to allow
the motion. The court submitted issues of negligence, contributory
negligence, and damages (as to each of the parties.) The plaintiff ex-
cepted to the submission of the issue of contributory negligence. The
jury found the issue of negligence against the defendants and the
issue of contributory negligence against the plaintiff, and left the
other issues unanswered. From the judgment that neither party re-
cover, the plaintiff excepted and appealed.

*Childers & Fowler, By: Henry L. Fowler, Jr., for plaintiff, appellant.
Mullen, Holland & Cooke, By: James Mullen for defendants, ap-
pellees.*

HIGGINS, J.   The findings of negligence against the defendants and
contributory negligence against the plaintiff settled the controversy.
*Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589; *Badders v. Lassiter,*
240 N.C. 413, 82 S.E. 2d 357; *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E.
2d 730. Last clear chance not being involved, the plaintiff must re-
move the bar of contributory negligence in order to get back into
court. He can do this only by showing prejudicial error on that issue.
Errors, if committed on other issues, are nonprejudicial. We make
this statement not suggesting other errors appear, but by way of
explanation of our failure to discuss the assignments with respect to
them.

By assignment of error No. 5, the plaintiff contends the court com-
mitted error in submitting the issue of contributory negligence be-
cause of the lack of evidence to support it. In passing on the ques-
tion, we must take the evidence in the light most favorable to the
defendant, disregarding that which is favorable to the plaintiff. "If
different inferences may be drawn from the evidence on the issue of
contributory negligence, some favorable to plaintiff and others to
the defendant, it is a case for the jury to determine." *Bell v. Maxwell,*
246 N.C. 257, 98 S.E. 2d 33; *Gilreath v. Silverman,* 245 N.C. 51, 95
S.E. 2d 107; *Battle v. Cleave,* 179 N.C. 112, 101 S.E. 555.

In this case, Camp testified he waited at the light for two cars
to pass, saw no other traffic, and while he was in the act of crossing
the two north traffic lanes to enter the McAdenville Road, the plain-

tiff's automobile crossed the hill at high speed and crashed into him before he was able to clear the intersection. His witnesses, Talley and Johnston, testified the dark Chevrolet did not reduce speed of 70 miles or more per hour. The plaintiff admitted he did not reduce speed for the intersection; that he saw the defendants' automobile stopped there, "getting ready to make a left-hand turn . . . I observed this car before the collision a couple of seconds. When I first saw the Camp car he was parked in the outside lane making a left turn."

The fact that defendant, from his stationary position in one of the south lanes, had time to cross over the inside lane and into the outside one in front of plaintiff, permits the inference the defendant was first in the intersection. It permits the inference that plaintiff's speed was so great that he could not stop. The physical evidence with respect to the position of the vehicles at the time of and after the collision, and the damage to them offer nothing to refute these inferences. We conclude, therefore, the evidence of contributory negligence was sufficient to go to the jury. Assignment of error No. 5 is not sustained.

By assignments of error Nos. 1 and 2, the plaintiff contends the court committed error in admitting the evidence of Talley and Johnston as to the speed of the automobile which passed them less than one-quarter of a mile from the scene of the accident He relies on *Barnes v Teer*, 218 N.C. 122, 10 S.E. 2d 614, as authority for his position. In that case, however, the evidence of speed was excluded because the observer saw the vehicle three or four miles from the scene of the accident. Here, the speed continued until the car passed out of sight at the blinker warning lights 400 feet from the accident. The evidence of Talley and Johnston was clearly admissible. *State v. Peterson,* 212 N.C. 758, 194 S.E. 498; *Hicks v. Love,* 201 N.C. 773, 161 S.E. 394; *State v. Leonard,* 195 N.C. 242, 141 S.E. 736.

By his assignments Nos. 6, 7, and 8, the plaintiff challenges the charge relating to the respective duties of motorists at intersections. Particularly by assignment No. 6, he objects to the charge that if the plaintiff had notice of the defendant's intention to make a left turn at the intersection "and if he was given that notice at such distance from the intersection that he could, in the exercise of ordinary care, control his vehicle accordingly," the failure to give the hand signal would not be a proximate cause of the injuries. Under the facts in the case, the charge is free from error. The purpose of a hand signal is to give notice. If a complaining motorist has due notice otherwise, the purpose of the hand signal has been served. In this case the plaintiff testified: "The Camp car was in the second lane going tow-

ards Charlotte, getting ready to make a left turn." Of a similar situation, where notice was given by circumstances but not by hand signal, *Justice Ervin*, in the case of *Cozart v. Hudson*, 239 N.C. 279, 78 S.E. 2d 881, had this to say: " . . . this being so, the evidence warrants the inference there was no causal connection whatever between the failure of the plaintiff to give a hand signal and the subsequent collision. The omission to perform a duty cannot constitute one of the proximate causes of an accident unless the doing of the omitted duty would have prevented the accident." *Coach Co. v. Fultz*, 246 N.C. 523, 98 S.E. 2d 860; *Barker v. Engineering Co.*, 243 N.C. 103, 89 S.E. 2d 804; *Jernigan v. Jernigan*, 236 N.C. 430, 72 S.E. 2d 912. The charge as to the respective duties of motorists at intersections was in accord with, and much of it actually quoted from, the following cases: *Coach Co. v. Fultz, supra; Mallette v. Cleaners*, 245 N.C. 652, 97 S.E. 2d 245; *Taylor v. Brake*, 245 N.C. 553, 96 S.E. 2d 686; *White v. Lacey*, 245 N.C. 364, 96 S.E. 2d 1; *Marshburn v. Patterson*, 241 N.C. 441, 85 S.E. 2d 683; *Harrison v. Kapp*, 241 N.C. 408, 85 S.E. 2d 337; *Hamilton v. Henry*, 239 N.C. 664, 80 S.E. 2d 485; *Finch v. Ward*, 238 N.C. 290, 77 S.E. 2d 661; *Hawes v Refining Co.*, 236 N.C. 643, 74 S.E. 2d 17; *Matheny v. Motor Co.*, 233 N.C. 673, 65 S.E. 2d 361; *Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115.

Finally, by assignment No. 9, the plaintiff alleges error in the definition of proximate cause and reasonable foreseeability as a constituent element thereof. On this subject the court charged in accordance with the rules as approved in *Adams v. Board of Education*, 248 N.C. 506, 103 S.E. 2d 854; *White v. Lacey, supra; Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331; and *Cooley v. Baker, supra*. The charge on the issue of contributory negligence was free from error.

The jury found the accident resulted from the negligence of both parties. Neither is responsible to the other for the resulting damage Both having been found at fault, the law leaves them where they left themselves

No Error.