State v. Porter

Reversed.

Chief Judge MORRIS and Judge CLARK concur.

STATE OF NORTH CAROLINA v. KENNETH PORTER

No. 7915SC956

(Filed 2 September 1980)

1. **Rape § 4– psychological damage to rape victim – cross-examination to show source other than defendant – limitation proper**

   In a prosecution for second degree rape where the prosecuting witness's father testified concerning psychological damage to his daughter and the State used this evidence to corroborate the prosecuting witness's testimony that she had been raped, there was no merit to defendant's contention that he was entitled to ask the prosecuting witness whether she had been living with a man at the time of the alleged rape and whether she had an abortion subsequent to the alleged rape in order to show that the psychological damage to the prosecuting witness had come from another source since the answers to those questions would not tend to impeach the testimony of the prosecuting witness's father.

2. **Rape § 4.3– cross-examination of prosecutrix – limitation not denial of constitutional rights**

   There was no merit to defendant's contention that G.S. 8-58.6(b), restricting his right to cross-examine the prosecuting witness in a rape prosecution, denied him his Sixth Amendment right to cross-examine a witness against him or that it violated fundamental fairness for him to be subject to a broader range of cross-examination than the principal witness appearing against him, since the statute changed the rule of evidence in such a way that matters collateral to the issues on trial could not be introduced into evidence, and this change did not violate defendant's right to cross-examine witnesses; and since fundamental fairness does not require that the scope of cross-examination of all witnesses be precisely the same.

3. **Rape § 4– pillow taken from crime scene 12 days later – admissibility in rape case**

   The trial court in a rape prosecution did not err in allowing into evidence a pillow taken 12 days after the alleged rape from the sofa on which the crime occurred, and evidence that tests revealed the presence of sperm on the pillow was properly admitted, though defendant contended that he had had sex relations with his wife on the sofa two or three weeks before the alleged crime and contended that seizure of the pillow was too remote in time to have any relevance in this case, since defendant's contentions went to the weight of the evidence and not to its admissibility.

APPEAL by defendant from *Graham, Judge.* Judgment entered 9 May 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 4 March 1980.

Defendant was tried for second degree rape. The prosecuting witness testified that on 18 November 1978 she was at the home of the defendant to assist him and his wife in caring for their baby. She fell asleep on the couch and woke up with the defendant on top of her. She testified he had intercourse with her against her will. Defendant denied that he had intercourse with the prosecuting witness.

The defendant was convicted of assault with intent to commit rape. From an active prison sentence imposed, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas J. Ziko, for the State.*

*Hunt and Abernathy, by George E. Hunt, for defendant appellant.*

WEBB, Judge.

[1] Defendant's first assignment of error is to the court's refusing to allow the defendant to ask the prosecuting witness (1) whether she had been living with a man at the time of the alleged rape and (2) whether she had an abortion subsequent to the alleged rape. The court sustained objections to these questions pursuant to G.S. 8-58.6(b) which provides:

> (b) The sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
>
> (1) Was between the complaint [sic] and the defendant; or
>
> (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or

(3)  Is evidence of a pattern of sexual behavior so dis-
tinctive and so closely resembling the defendant's
version of the alleged encounter with the com-
plainant as to tend to prove that such complainant
consented to the act or acts charged or behaved in
such a manner as to lead the defendant reasonably
to believe that the complainant consented; or

(4)  Is evidence of sexual behavior offered as the basis
of expert psychological or psychiatric opinion that
the complainant fantasized or invented the act or
acts charged.

The father of the prosecuting witness testified that he noticed a
personality change in his daughter after 18 November 1978 so
that she did not want to go to school, she "acted kind of funny
towards me and my brother" and did not seem to want to be
around "men folks." He testified further that after she had
talked to a detective some two weeks after the incident, "she
began getting back to her old self." The defendant contends
that when the State used this evidence of psychological damage
to the prosecuting witness to corroborate her testimony that
she had been raped, he was entitled to propound these two
questions to show that the psychological damage to the pros-
ecuting witness had come from another source.

Before it ruled on the propriety of the questions, the supe-
rior court held an *in camera* hearing. The prosecuting attorney
stated at this hearing that the prosecuting witness's doctor had
determined the conception, which was aborted, had taken place
five or six weeks after 18 November 1978. There was not an
objection to this statement by the prosecuting attorney and
neither side disputes the date of conception on this appeal. We
do not believe this incident of sexual conduct which occurred
several weeks after her father testified she was "getting back to
her old self," could be used to impeach his corroborating testi-
mony as to the personality change that occurred at the time of
the alleged rape.

In regard to the question as to whether the prosecuting
witness was living with her boyfriend, there is nothing in the
record as to what her answer would have been. She did testify

at one point that she was living with her parents. Assuming the answer would have been that she was living with her boyfriend, we hold the answer was properly excluded as not impeaching the testimony of the prosecuting witness's father. He limited the time of her personality change from 18 November 1978 until she talked to the detective two weeks later. There was no showing that the time she purportedly lived with her boyfriend was limited to this period.

The defendant also contends the statute excludes only evidence of sexual behavior that occurred prior to the alleged incident for which the defendant was charged. The defendant argues that the questions which he proposed to ask were in regard to sexual behavior on or after 18 November 1978, and it was error not to allow them. As we read the statute there is no such limitation. The defendant's first assignment of error is overruled.

**[2]** In his second assignment of error the defendant contends that G.S. 8-58.6(b) is unconstitutional as applied to him. He argues that by restricting his right to cross-examine the prosecuting witness, he has been denied his Sixth Amendment right to cross-examine a witness against him. He argues further that it violates fundamental fairness for him to be subject to a broader range of cross-examination than the principal witness appearing against him.

A party does not have a constitutional right to any particular rule of evidence. *See Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed. 2d 213 (1970). He does have a constitutional right to cross-examine witnesses appearing against him. G.S. 8-58.6(b) changes the rule of evidence in such a way that matters collateral to the issues on trial may not be introduced into evidence. We hold this change in the rule of evidence does not violate the defendant's constitutional right to cross-examine witnesses who appear against him.

As to the argument that it violates fundamental fairness to allow questions of the defendant that are not allowed as to the prosecuting witness, we do not believe the scope of cross-examination of all witnesses has to be precisely the same to

meet constitutional muster. The defendant's second assignment of error is overruled.

[3] The defendant's third assignment of error is to the introduction in evidence of a pillow taken from the couch on 30 November 1978. After the pillow was introduced into evidence, a stipulation was read to the jury that a microscopic examination of specimens taken from the pillow revealed the presence of spermatozoa. The defendant testified that he had sex relations with his wife on the sofa two or three weeks before 18 November 1978. Defendant contends the seizure of the pillow was too remote in time to have any relevance in this case. Defendant contends the State should have been required to prove the condition of the pillow on 30 November 1978 was substantially the same as it had been on 18 November 1978, that there had been no intervening causes which would have resulted in the spermatozoa found on the pillow, and the spermatozoa could have been the result of the sexual assault described by the prosecuting witness.

The pillow was seized by the officers 12 days after the alleged rape. It was identified by the prosecuting witness as being from the couch. We hold the court did not abuse its discretion in admitting the pillow and the accompanying testimony into evidence. See 1 Stansbury's N.C. Evidence § 90 (Brandis rev. 1973). The arguments of the defendant as to why it should not have been introduced go to the weight of the evidence and were for the jury's determination. Defendant relies on State v. Kelly, 227 N.C. 62, 40 S.E. 2d 454 (1946). In that case our Supreme Court held it was prejudicial error in a driving under the influence case to admit testimony that the defendant was drunk 12 hours after the time it was charged he was driving under the influence of an intoxicating beverage. The Court pointed out that sobriety can vary widely over a 12-hour period. In the case sub judice, the condition of the pillow was not subject to the same circumstances.

The defendant's fourth assignment of error is to the court's submission of the charge of assault with intent to commit rape. He contends that there is no evidence of this lesser included charge. He concedes that this has been held not to be an error

against the defendant. *See State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). He asks us to hold it was prejudicial error in this case. To do so, we would have to overrule our Supreme Court which we do not have the power to do. We also note that the defendant stipulated the charge of assault with intent to commit rape would be submitted to the jury. He cannot now complain that it was so submitted.

No error.

Judges HEDRICK and WELLS concur.