## WALD v. BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS

---

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

---

Paul W. Maloney, H. J. Wyman, of New Orleans, for plaintiff, appellant.

Milner & Porteous, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit for damages for personal injuries against the Board of Commissioners of the Port of New Orleans and the Union Automobile Insurance Co. of Los Angeles, Cal., in solido. Defendants denied liability on the ground that the chauffeur of defendants was not at fault, and set up certain special defenses and a plea of contributory negligence. There was judgment in favor of defendants and plaintiff has appealed. .

The conclusion we have reached on the facts makes it unnecessary to state the special defenses.

The record shows that on December 16, 1926, at 11:30 a. m., plaintiff was a passenger on a truck owned by her husband and at the time driven by her daughter, Lucille Wald. The truck was proceeding on Oak street in the city of New Orleans in the direction of Carrollton avenue, at a speed of approximately 20 or 25 miles per hour, and was in the center of the street, where the street railway tracks are located. Oak street is a two-way street, running from the Protection Levee to Carrollton avenue. The Ford touring car of the Board of Commissioners of the port of New Orleans, was in charge of its chauffeur, Fred Mahl, and was proceeding on Oak street in the direction of Protection Levee at a rate of speed of approximately 8 or 10 miles per hour, with the left wheels of the car over the right rail of the street railway tracks which occupied the middle of Oak street. There was a truck parked on an angle of about 45 degrees in front of the branch post-office which is situated on the river side of Oak street, between Dublin and Dante streets. This truck was parked on the river side of Oak street, and on the woods side of this street there was parked a Nash automobile, also on about the same angle, and directly opposite the truck. On account of the street being of ordinary width, the parked truck and Nash automobile left a small aisle between them which was not sufficient to permit two cars to pass simultaneously. Through this aisle between the two parked machines, the street railway tracks passed.

The testimony convinces us that the Ford touring car reached the aisle between the two parked machines, and was practically through it, before the truck, upon which plaintiff was riding and which was in charge of her daughter, approached this narrow space, and therefore the Ford touring car had the right of way. The driver of the touring car, having the right of way, had a right to assume that plaintiff's daughter would slacken the speed of her truck, or stop, in order to permit him to safely pass. Instead of Miss Wald slowing down or stopping, she continued on her course about in the middle of the street, on the street car tracks, with the result that the left front part of the Ford truck struck the left front part of the Ford touring car, causing plaintiff to be thrown through the windshield and injured as alleged.

Miss Wald, in her testimony, testifies that she only saw the Ford touring car a fraction of a second before the collision took place. As the accident happened in broad daylight, if Miss Wald had kept a proper lookout, she would undoubtedly have seen the Ford touring car in time to slow down or to stop the Ford truck and avoided the accident. Oak street is a very busy thoroughfare, and there was heavy traffic

and a number of automobiles parked on it at the time. We are quite convinced that the accident was caused entirely by the fault of Miss Lucille Wald, plaintiff's daughter, in not keeping a proper lookout, and in failing to keep her car under proper control.

The burden of proving the case by a preponderance of evidence was on the plaintiff and she has failed to show where the driver of defendant's truck was at fault.

The judge of the district court, after hearing the witnesses, arrived at the conclusion that the defendant's driver was not at fault, and we see no reason for disturbing his judgment.

For the reasons assigned, the judgment appealed from is affirmed.