JAMES E. BROWN v. SOUTHERN PAPER PRODUCTS COMPANY, INC., AND M. O. HAMPTON.

(Filed 3 March, 1943.)

1. Automobiles § 11—

> Ordinarily, a motorist has a right to assume that a driver of a vehicle coming from the opposite direction will obey the law and to act on such assumption in determining his own manner of using the road. This right is not absolute, it is qualified by circumstances.

**2. Automobiles §§ 9a, 10, 11—**

In a road wide enough for only one vehicle neither of two cars, going in opposite directions, has a "right" or "left" side within the restricted passageway. The right of way belongs to him who enters before the other approaches and it is the duty of that other, in the exercise of proper care, to yield it to him; provided, of course, conditions are such that he can observe them by keeping a proper lookout.

**3. Automobiles §§ 9d, 11, 18g—**

Where the evidence of plaintiff tended to show that he was traveling by automobile at about 20 to 25 miles per hour and, after entering a lane 10 feet wide, caused by deep snowbanks piled on each side of the road for a distance of 50 to 75 feet, he observed defendant about 400 feet distant, coming from the opposite direction at about 45 miles per hour, who entered the lane without slowing down, and their cars collided in the lane, where the snowbanks prevented turning out, causing damage, a judgment of nonsuit was reversible error.

APPEAL by plaintiff from *Sink, J.,* at October Term, 1942, of BUN-COMBE. Reversed.

Civil action in tort to recover for damages to an automobile and for loss of services of plaintiff's wife resulting from automobile collision, in which the corporate defendant sets up counterclaim for damages to its car.

On 5 March, 1942, plaintiff was traveling in a southerly direction on the Asheville-Hendersonville Highway. Defendant Hampton was operating the automobile of the corporate defendant at the same time on the same highway traveling in a northerly direction. The two cars collided, resulting in damage to each.

At the conclusion of the evidence for the plaintiff there was a voluntary nonsuit as to the defendant Hampton, and the court, on motion of defendant, entered judgment of nonsuit as to the corporate defendant. Plaintiff appealed.

*Williams & Cocke for plaintiff, appellant.*
*Smathers & Meekins for defendants, appellees.*

BARNHILL, J. The evidence offered by plaintiff, considered in the light most favorable to him, tends to show the following facts:

There had been a heavy snow shortly prior to the accident and the road was icy. The Highway Commission had scraped the snow off the paved portion of the highway, creating heavy banks of snow on each side. At and near the point of collision the snow had not been completely removed from the traveled portion of the road. About 150 feet north of the point of collision the snowbank began to gradually encroach upon the hard surface on the west side until a lane only about 10 feet

wide on plaintiff's left side of the road remained for use.    This lane continued about 50 or 75 feet and then opened up "all at once to two lanes."   Plaintiff entered the restricted area as he rounded a curve and was in the narrow 10-foot passageway when Hampton approached.   At that point the snowbank on the west half of the road was 2 or 3 feet high and was observable by motorists ·approaching from the south. While plaintiff was in this narrow lane he observed Hampton about 400 feet away approaching from the south traveling about 45 miles per hour. Hampton did not slow down, but entered the narrow lane before plaintiff could get out to a point where he could safely turn to his right.   Plaintiff attempted to cut to the right on the snow bank, but was unable to do so, and the cars collided.   Plaintiff was traveling 20 to 25 miles per hour. He had chains on his wheels.

Is this evidence sufficient to repel the motion for judgment as in case of nonsuit?   We are constrained to answer in the affirmative.

While the statute provides a maximum permissible speed on rural roads and highways when no special hazard exists, the primary, controlling provisions are these:   "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing."   He must at all times operate his vehicle with due regard to the width, traffic, and condition of the highway, and he must decrease speed and keep his car under control "when traveling upon a narrow . . . roadway or when special hazard exists with respect to . . . other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any . . . vehicle or other conveyance on . . . the highway in compliance with legal requirements and the duty of all persons to use due care." Sec. 103, ch. 407, Public Laws 1937 (Michie's, sec. 2621-288).

On the evidence offered it appears that the weather conditions had narrowed the usable part of the highway at the scene of the accident to.a one-way lane, and that plaintiff had already entered this narrow lane when Hampton approached.   The testimony will likewise support the conclusion that defendant did see, or by the exercise of ordinary care could have seen, the snowbank on the west side which prevented plaintiff from turning further to the right in ample time to stop and permit plaintiff to reach the point of exit in safety, but that instead he failed to observe the situation or, having seen, failed to slow down or take any other precaution to avoid a collision.

Ordinarily, a motorist has the right to assume that a driver of a vehicle coming from the opposite direction will obey the law and to act on such assumption in determining his own manner of using the road. 2 Blashfield, 60, sec. 919 (Citations n 29) ; *Murray v. R. R.,* 218 N. C., 392 (Citations p 401), 11 S. E. (2d), 326.   He may assume that the

driver of a vehicle approaching on the same side or on his left-hand side will yield half of the highway or turn out in time to avoid a collision. Blashfield, *supra*, 61, sec. 919 (Citations note 31). But this right is not absolute. It may be qualified by the particular circumstances existing at the time. Sec. 108, ch. 407, Public Laws 1937. Among that totality of circumstances which determine whether a motorist has fulfilled his duty of care, the proximity, position and movement of the other vehicle and the condition of the road as to usable width and the like are always important.

We have here, under the conditions as they then existed, a one-way or one-lane road—not a two-lane highway. Plaintiff had already entered and was traveling in this one-way lane before Hampton approached. If Hampton did see and observe this condition which created a special hazard and made it impossible for two cars to pass in safety, or if by keeping a proper lookout he could have seen, it was his duty to slow down and if necessary to stop in order to yield the right of way within the narrow lane to plaintiff. If he failed so to do he was guilty of negligence which the jury may find was the proximate cause of the collision.

Under normal conditions it is true plaintiff was traveling on his left and on defendant's right side of the road, but conditions were not normal. Neither car had a "right" or "left" side within the restricted passageway. The right of way belonged to him who entered before the other approached and it was the duty of the other, in the exercise of proper care, to yield it to him; provided, of course, conditions were such that he could have observed them had he kept a proper lookout. *Wald v. Board of Comrs.*, 124 So., 701; *Krousel v. Thieme*, 128 So., 670.

If defendant did not slow down and yield the right of way, either because of failure to keep a proper lookout or because his speed made it impossible, a finding of actionable negligence is permissible.

But defendant relies primarily upon the alleged contributory negligence of plaintiff as a bar to recovery. It alleges that plaintiff was negligent in that he (1) was driving at a high rate of speed under the conditions as they then existed; (2) on slick, icy concrete; (3) negligently applied brakes so as to make his car skid; and (4) operated his car without due care and circumspection, and negligently ran into and collided with defendant's car.

The evidence offered fails to point to any negligent act of plaintiff in either of the respects alleged with that degree of certainty which would require a conclusion as a matter of law that it was a contributing proximate cause of the collision. It only presents a question for the jury.

In its argument here defendant insisted that plaintiff was guilty of contributory negligence in that he failed to turn reasonably to the right.

This, of course, depends upon the conditions of the road at that time, and presents a question for the jury.

It likewise contended that plaintiff's failure to give any signal or warning by horn or otherwise was a proximate cause of the collision, sustaining the nonsuit. This is not alleged. Even so, we could not so hold as a matter of law. Defendant's employee should take notice of what he saw and needed no warning of the condition he readily observed. If the contour of the road or other condition prevented him from seeing, or if he was inattentive and did not see, a warning might have attracted his attention in ample time to allow him to take all necessary precautions. Hence, it is for the jury upon all the evidence to say whether plaintiff failed to give warning, and if so, whether such failure on his part was one of the proximate causes of the collision.

What we have said here is bottomed on plaintiff's evidence, considered in the light most favorable to him. We express no opinion on the merits of the controversy. Defendant's evidence may cast an entirely different light on the issues presented.

The judgment below is

Reversed.