BELINDA SEAY, Plaintiff-Appellant v. NYCOLE SNYDER, Defendant-Appellee

No. COA06-237

(Filed 2 January 2007)

**1. Motor Vehicles— contributory negligence—sufficiency of evidence**

The trial court did not err in an action arising out of an automobile accident in a curve of a rural road by submitting the issue of contributory negligence to the jury, because: (1) defendant's testimony that plaintiff was in the middle of the road tended to show that plaintiff did not exercise proper lookout and control of her vehicle; (2) statements made by defendant on the day of the accident tended to show that plaintiff did not exercise proper lookout or control of her vehicle; and (3) the trooper's testimony regarding the skid marks of both cars tended to show that both vehicles skidded approximately the same distance before impact and that neither plaintiff nor defendant exercised proper control of her vehicle.

**2. Motor Vehicles— contributory negligence—instruction— general duty to drive on right hand side of road**

The trial court did not err in an action arising out of an automobile accident by instructing the jury on the general duty to drive on the right hand side of the road as evidence of contributory negligence, because: (1) despite there being sufficient room for both vehicles to pass each other, defendant testified that both vehicles were driving in the middle of the road just before the accident; and (2) although plaintiff contends the instruction misled the jury since it did not take into account the narrowness of the pertinent road, the trial court also instructed the jury about the correspondingly increased duty of care based on increased dangers at a scene and that the width and nature of the roadway are taken into account in determining whether a vehicle was being operated at a speed greater than was reasonable and prudent.

**3. Negligence— contributory negligence—motion for directed verdict—sufficiency of evidence**

The trial court did not err in an action arising out of an automobile accident by denying plaintiff's motion for a directed verdict based on alleged insufficient evidence of plaintiff's contribu-

SEAY v. SNYDER

[181 N.C. App. 248 (2007)]

tory negligence, because: (1) the same standard of review was applied in reviewing plaintiff's first assignment of error; and (2) there was sufficient evidence of plaintiff's contributory negligence to go to the jury.

4. **Negligence— requested instruction—driving on narrow single lane road—duty to decrease speed or stop**

The trial court did not err in an action arising out of an automobile accident by failing to give plaintiff's requested instruction to the jury that a motorist has a duty when driving on a narrow single lane road to slow down and if necessary stop in order to yield the right of way within a narrow lane of travel, because: (1) the requested instruction was not supported by the evidence because the road was wide enough to allow two vehicles to pass, and plaintiff even testified that there was room for two vehicles to pass each other safely at the point where the collision occurred; (2) the instructions given encompassed the substance of the requested instruction and thus did not mislead the jury; (3) the trial court's instruction to maintain control as a reasonably prudent person would under the circumstances addressed the need to stop or yield the right of way on a narrow road; and (4) the trial court's instructions on speed addressed the duty to slow down under certain circumstances, and the trial court specifically instructed the jury to consider the width and nature of the roadway when assessing whether the vehicles were traveling at a safe speed.

5. **Evidence— accident report diagram—exclusion**

The trial court did not err in an action arising out of an automobile accident by excluding a state highway patrol trooper's accident report diagram which showed defendant's vehicle was left of the centerline of the road at the point of impact, because: (1) the trooper did not witness the accident and reached her conclusion on the basis of her physical findings at the scene of the accident; and (2) the diagram depicting the point of impact was in essence a conclusion.

6. **Parties— motion in limine—reference to attorney for plaintiff's underinsured motorist carrier—unnamed defendant**

The trial court did not err in an action arising out of an automobile accident by denying plaintiff's motion in limine which sought to allow the attorney for plaintiff's underinsured

motorist carrier to be referred to as representing the unnamed defendant, because: (1) plaintiff cited no authority for her position thus abandoning this assignment of error; (2) plaintiff does not claim any specific prejudice apart from alleging the trial court's error was inherently prejudicial; and (3) N.C.G.S. § 20-279.21(b)(4) provides that the underinsured motorist carrier shall have the right to appear in defense of the claim without being named as a party therein.

Appeal by Plaintiff from judgment and order entered 23 February 2005 by Judge James L. Baker, Jr. in Superior Court, Macon County. Heard in the Court of Appeals 21 September 2006.

*Melrose, Seago & Lay, P.A., by Mark R. Melrose, for Plaintiff-Appellant.*

*Cogburn, Goosmann, Brazil & Rose, PA, by Patricia L. Arcuri and Jennifer N. Foster, for Defendant-Appellee.*

*Russell & King, P.A., by J. William Russell, for Unnamed Defendant-Appellee Alpha Property & Casualty Insurance Co.*

McGEE, Judge.

Belinda Seay (Plaintiff) appeals from judgment entered on jury verdicts finding that (1) Plaintiff was injured or damaged by the negligence of Nycole Snyder (Defendant), (2) Plaintiff contributed to her injury or damage by her own negligence, and (3) Defendant did not have the last clear chance to avoid Plaintiff's injury or damage. The trial court ordered that Plaintiff "shall have and recover nothing of . . . Defendant." We affirm.

Plaintiff testified at trial that she was a rural mail carrier and that on 19 December 2002, she was delivering mail on a narrow, gravel road. As Plaintiff approached a blind curve in the road, she looked ahead and saw a vehicle driving in the opposite direction. Plaintiff testified she drove through the worst part of the curve and stopped so the vehicle that was approaching her could pass. Plaintiff testified that she pulled her vehicle as far to the right side of the road as possible, leaving only six to eight inches between her vehicle's door and the bank of the road. Plaintiff testified that Defendant's vehicle

came around the curve and it was heading just straight at me, and it was going fast. But the main thing was [Defendant] wasn't looking, and I thought to myself, oh my God, and then she looked up.

She did look up and then she swerved. So, you know, instead of hitting me head on, she caught my corner.

Defendant testified the accident occurred in a curve and that when she first saw Plaintiff, Plaintiff was in the middle of the road. Defendant testified she was also in the middle of the road, but that she slammed on her brakes and swerved to the right. Defendant testified that she measured the width of the vehicle she was driving at the time of the accident and it was approximately 6.4 feet wide.

Leah McCall (Trooper McCall) testified she was a trooper with the North Carolina State Highway Patrol on 19 December 2002, when she responded to the accident and conducted an investigation. Trooper McCall testified that Defendant made the following statement on the day of the accident: "I was coming down the road. By the time I saw the other car I slammed on my brakes and [Plaintiff] swerved over in my direction and we hit." Trooper McCall also testified that she measured the tire impressions on the road behind Plaintiff's and Defendant's vehicles and that the tire impressions were almost the same in length. Plaintiff's skid marks were 30.9 feet long and Defendant's skid marks were 31.3 feet long. Trooper McCall testified that the width of the road where the accident occurred was 14.4 feet and that Plaintiff's vehicle was approximately six feet wide. The remainder of the factual and procedural history of the case is set forth as necessary in the analysis portion of this opinion.

I.

[1] Plaintiff first argues the trial court erred by submitting the issue of contributory negligence to the jury. Plaintiff argues there was no evidence suggesting a lack of due care concerning her lookout and control and, as a result, there was no evidence of proximate cause. "Contributory negligence is 'negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains.'" *Bosley v. Alexander*, 114 N.C. App. 470, 472, 442 S.E.2d 82, 83 (1994) (quoting *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967)). To establish contributory negligence, a defendant must demonstrate: "(1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury." *Whisnant v. Herrera*, 166 N.C. App. 719, 722, 603 S.E.2d 847, 850 (2004). "The issue of contributory negligence should be submitted to the jury if all the evidence and reasonable inferences drawn therefrom viewed in the light most favorable to the defendant tend to

establish or suggest contributory negligence." *Bosley*, 114 N.C. App. at 472, 442 S.E.2d at 83. " 'If there is more than a scintilla of evidence, contributory negligence is for the jury.' " *Tatum v. Tatum*, 79 N.C. App. 605, 607, 339 S.E.2d 817, 818 (quoting *Pearson v. Luther*, 212 N.C. 412, 421, 193 S.E. 739, 745 (1937)), *modified and aff'd per curiam*, 318 N.C. 407, 348 S.E.2d 813 (1986).

In the present case, there was sufficient evidence of Plaintiff's contributory negligence to submit the issue to the jury. Defendant testified that the accident occurred in a curve and that when she first saw Plaintiff's vehicle, it was in the middle of the road. Defendant testified she was also in the middle of the road, but that she slammed on her brakes and swerved to the right. Defendant's testimony that Plaintiff was in the middle of the road tends to show that Plaintiff did not exercise proper lookout and control of her vehicle.

Trooper McCall testified that Defendant made the following statement on the day of the accident: "I was coming down the road. By the time I saw the other car I slammed on my brakes and [Plaintiff] swerved over in my direction and we hit." This testimony tends to show that Plaintiff did not exercise proper lookout or control of her vehicle. Trooper McCall also testified that she measured the tire impressions behind Plaintiff's and Defendant's vehicles and that the tire impressions were almost the same in length. Plaintiff's skid marks were 30.9 feet long and Defendant's skid marks were 31.3 feet long. This tends to show that both vehicles skidded approximately the same distance before impact and that neither Plaintiff nor Defendant exercised proper control of their vehicles. We conclude this evidence was sufficient for the trial court to submit the issue of Plaintiff's contributory negligence to the jury and we overrule this assignment of error.

II.

**[2]** Plaintiff next argues there was insufficient evidence to warrant the trial court's instruction on the general duty to drive on the right hand side of the road as evidence of contributory negligence, and that this instruction misled the jury. Our Court reviews jury charges contextually and in their entirety. *Hughes v. Webster*, 175 N.C. App. 726, 730, 625 S.E.2d 177, 180, *disc. review denied*, 360 N.C. 533, 633 S.E.2d 816 (2006). "The charge will be held to be sufficient if 'it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed[.]' " *Id.* at 730, 625 S.E.2d at 180-81 (quoting *Jones v. Development Co.*, 16

N.C. App. 80, 86-87, 191 S.E.2d 435, 440, *cert. denied*, 282 N.C. 304, 192 S.E.2d 194 (1972)).

In the present case, the trial court instructed the jury as follows: "With respect to . . . [D]efendant's third contention, the motor vehicle law provides that a motorist shall drive on the right half of the street or highway. A violation of this law is negligence within itself."

There was sufficient evidence presented at trial to support this instruction. Trooper McCall testified that the width of the road where the accident occurred was 14.4 feet. Trooper McCall also testified that the vehicle driven by Plaintiff was approximately six feet wide. Defendant testified she measured the width of the vehicle she was driving at the time of the accident and it was approximately 6.4 feet wide. Therefore, it was possible for the two vehicles to pass each other on the roadway. Plaintiff also testified that there was room for two vehicles to pass each other safely at the point where the collision occurred. Despite there being sufficient room for both vehicles to pass each other, Defendant testified that both vehicles were driving in the middle of the road just before the accident. Therefore, the trial court did not err by instructing the jury on the general duty to drive on the right hand side of the road.

Plaintiff also argues the jury instruction misled the jury because it did not take into account the narrowness of the road in question. However, in addition to the challenged instruction, the trial court also instructed the jury as follows: "When the conditions existing at the scene increase the danger in comparison to normal conditions, the care required of the operator is correspond[ingly] increased." With respect to speed, the trial court also instructed that "[i]n determining whether a vehicle was being operated at a speed greater than was reasonable and prudent you should consider . . . the width and the nature of the roadway[.]" We find no error in the jury instruction as a whole and overrule this assignment of error.

### III.

[3] Plaintiff argues the trial court erred by denying her motion for directed verdict because there was insufficient evidence of Plaintiff's contributory negligence. "The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991). Because this is the same standard of review as we applied in

reviewing Plaintiff's first assignment of error, and because there was sufficient evidence of Plaintiff's contributory negligence to go to the jury, we overrule this assignment of error.

IV.

[4] Plaintiff next argues the trial court erred by failing to instruct the jury that a motorist has a duty, "when driving on a narrow, single lane road, to slow down and if necessary stop in order to yield the right of way within a narrow lane of travel." To prevail on the issue of whether a requested instruction should have been submitted to the jury, the party requesting the instruction must demonstrate that "(1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury." *Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274, *disc. review denied*, 356 N.C. 304, 570 S.E.2d 726 (2002).

In the present case, the requested instruction was not supported by the evidence. Plaintiff requested this instruction on the basis of *Brown v. Products Co., Inc.*, 222 N.C. 626, 24 S.E.2d 334 (1943), where the plaintiff's vehicle collided with a vehicle owned by the corporate defendant (the defendant) and driven by the defendant Hampton (Hampton). *Id.* at 627, 24 S.E.2d at 335. The plaintiff took a voluntary nonsuit with respect to Hampton and, on the defendant's motion, the trial court entered judgment of nonsuit as to the defendant. *Id.*

In *Brown*, there had been a heavy snow prior to the accident and the snow had not been completely removed from the road at and near the point of collision. *Id.* at 627, 24 S.E.2d at 335.

About 150 feet north of the point of collision the snowbank began to gradually encroach upon the hard surface on the west side until a lane only about 10 feet wide on [the] plaintiff's left side of the road remained for use. This lane continued about 50 or 75 feet and then opened up "all at once to two lanes." [The] [p]laintiff entered the restricted area as he rounded a curve and was in the narrow 10-foot passageway when Hampton approached. At that point the snowbank on the west half of the road was 2 or 3 feet high and was observable by motorists approaching from the south. While [the] plaintiff was in this narrow lane he observed Hampton about 400 feet away approaching from the south travel-

ing about 45 miles per hour. Hampton did not slow down, but entered the narrow lane before [the] plaintiff could get out to a point where he could safely turn to his right. [The] [p]laintiff attempted to cut to the right on the snow bank, but was unable to do so, and the cars collided. [The] [p]laintiff was traveling 20 to 25 miles per hour. He had chains on his wheels.

*Id.* at 627-28, 24 S.E.2d at 335.

Our Supreme Court recognized that at the point of collision, the highway had been narrowed to a "one-way or one-lane road-not a two-lane highway[,]" and that the plaintiff had entered this "one-way lane" before Hampton entered. *Id.* at 629, 24 S.E.2d at 336. The Court held:

If Hampton did see and observe this condition which created a special hazard and made it impossible for two cars to pass in safety, or if by keeping a proper lookout he could have seen, it was his duty to slow down and if necessary to stop in order to yield the right of way within the narrow lane to [the] plaintiff.

*Id.* Accordingly, the Court reversed judgment of nonsuit for the defendant. *Id.* at 630, 24 S.E.2d at 336.

In the present case, unlike in *Brown*, the road on which the accident occurred was not a one-way or one-lane road. The road was wide enough to allow two vehicles to pass. Plaintiff even testified that there was room for two vehicles to pass each other safely at the point where the collision occurred. Therefore, the evidence did not support the requested instruction.

Moreover, the instructions given encompassed the substance of the requested instruction, and therefore, the instructions did not mislead the jury. With respect to control, the trial court instructed:

[T]he operator of a motor vehicle on a highway has a duty to keep the vehicle under proper control. This means that the operator is at all times under a duty to operate a vehicle at a speed and in a manner which allows him or her to maintain that degree of control over the vehicle which a reasonably careful prudent person would have maintained under the same or similar circumstances. When the conditions existing at the scene increase the danger in comparison to normal conditions, the care required of the operator is correspond[ingly] increased.

The trial court also instructed the jury that "the motor vehicle law provides that it is unlawful to operate a motor vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions then existing." The trial court further instructed:

> In determining whether a vehicle was being operated at a speed greater than was reasonable and prudent you should consider all of the evidence about the physical features of the scene; the hour of day or night; the weather conditions; the extent of other traffic; the width and nature of the roadway, and any other circumstances shown to exist.

The trial court also instructed the jury on the duty to decrease speed to avoid a collision as follows:

> [T]he motor vehicle law provides that the fact that a person is driving her vehicle at a speed lower than a posted speed limit does not relieve her of a duty to decrease her speed as might be necessary to avoid colliding with any vehicle on a street or highway and to avoid injury to any person or property. Thus, even though the speed of . . . [D]efendant's vehicle was lower than the posted speed limit set by law, if she failed to decrease speed when under the existing circumstances a reasonably careful[] and prudent person would have decreased the speed to avoid colliding with any vehicle on a street or highway and to avoid any injury with any person or damage to any property, then such failure would be negligence.

The trial court's instruction to maintain control as a reasonably prudent person would under the circumstances addressed the need to stop or yield the right of way on a narrow road. The control instruction also stated that the level of care increased "[w]hen the conditions existing at the scene increase the danger in comparison to normal conditions[.]" The trial court's instructions on speed addressed the duty to slow down under certain circumstances and the trial court specifically instructed the jury to consider the width and nature of the roadway when assessing whether the vehicles were traveling at a safe speed. Therefore, the instructions given encompassed the requested instruction and did not mislead the jury. Accordingly, because the requested instruction was not supported by the evidence and because the instructions given encompassed the substance of the requested instruction, we overrule this assignment of error.

V.

**[5]** Plaintiff next argues the trial court erred by excluding Trooper McCall's accident report diagram, which showed that Defendant's vehicle was left of the centerline of the road at the point of impact. We disagree.

Defendant argues that we should dismiss this assignment of error because the excluded accident report diagram was not included in the record on appeal. However, the transcript reveals that the diagram, which was prepared by Trooper McCall from the evidence she gathered at the scene, attempted to show the placement of the vehicles at the time of the accident. Specifically, the diagram attempted to show that Defendant's vehicle was over the centerline of the road at the point of impact. Therefore, because the substance of the diagram is in the transcript, we address this issue.

Plaintiff argues that the diagram merely portrayed Trooper McCall's physical findings, the results of which "deem[ed] . . . Defendant to [have been] left of center at the point of impact[.]" However, our Court has held that testimony concerning point of impact is impermissible lay opinion testimony. In *State v. Wells*, 52 N.C. App. 311, 278 S.E.2d 527 (1981), an officer testified that he arrived on the scene of an accident and discovered two vehicles, a Ford and a Chevrolet, in the eastbound lane of a two-lane road. *Id.* at 311-12, 278 S.E.2d at 528. The Ford was facing south and the Chevrolet was facing west; both vehicles were heavily damaged on the left front side. *Id.* at 312, 278 S.E.2d at 528. The officer found the defendant, who was unconscious, in the Ford, and found the decedent in the Chevrolet. *Id.* The officer found glass, dirt and pieces of chrome in the center of the eastbound lane and found a fender in the westbound lane. *Id.* The officer also observed fresh gouge marks near the debris in the center of the eastbound lane and observed asphalt under the front of the Ford. *Id.* The officer then concluded, based on the location of the gouge marks and the debris, that the impact had occurred in the center of the eastbound lane. *Id.* The defendant was convicted of, *inter alia*, involuntary manslaughter. *Id.* at 313, 278 S.E.2d at 529.

Our Court recognized that "while it is competent for an investigating officer to testify as to the condition and position of the vehicles and other physical facts observed by him at the scene of an accident, his testimony as to his conclusions from those facts is incompetent." *Id.* at 314, 278 S.E.2d at 529. Our Court held that "[b]y

testifying that his investigation revealed the point of impact between the two cars to be in [the] decedent's lane of travel, [the officer] stated an opinion or conclusion which invaded the province of the jury." *Id.* Therefore, our Court held that the defendant was entitled to a new trial on the manslaughter charge as a result of the trial court's erroneous admission of the officer's incompetent opinion testimony. *Id.* at 316, 278 S.E.2d at 530.

In the present case, Trooper McCall's diagram indicated that the point of impact occurred in Plaintiff's lane of travel. However, Trooper McCall did not witness the accident and reached this conclusion on the basis of her physical findings at the scene of the accident. Because the diagram depicting the point of impact was in essence a conclusion, the trial court did not err by excluding the diagram from evidence. We overrule this assignment of error.

VI.

[6] Plaintiff argues the trial court erred by denying her motion *in limine*, which sought to allow the attorney for Plaintiff's underinsured motorist carrier, J. William Russell (Mr. Russell), to be referred to as representing the "unnamed defendant." The trial court introduced Mr. Russell as follows: "Also at the defense table with Ms. Arcuri on behalf of . . . [D]efendant is attorney William Russell." Plaintiff argues it was "inherently prejudicial that the jury was led to believe that Mr. Russell was present at trial in a representative capacity for . . . Defendant, as he simply was not."

However, Plaintiff cites no authority for her position, and has therefore abandoned this assignment of error. *See* N.C.R. App. P. 28(b)(6). Moreover, Plaintiff does not claim any specific prejudice, apart from alleging the trial court's error was "inherently prejudicial." We further note that N.C. Gen. Stat. § 20-279.21(b)(4) (2005) provides that "[u]pon receipt of notice, the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party may participate in the suit as fully as if it were a party." We overrule this assignment of error.

Affirmed.

Judges WYNN and McCULLOUGH concur.