**JOINES v. MOFFITT**

[226 N.C. App. 61 (2013)]

JACKIE DALE JOINES, Plaintiff
v.
BRITTANY MOFFITT, Defendant

No. COA12-1027

Filed 19 March 2013

1. **Evidence—accident report—admissible**

The trial court did not err in an automobile accident case by admitting an officer's accident report without first redacting the officer's narrative or his hand-drawn diagram of the collision. The officer prepared the report near the time of the accident, using information from individuals who had personal knowledge of the accident, and accident reports of this type are, according to the officer's testimony, prepared and kept in the regular course of business of the police department. Moreover, plaintiff could not establish that he was actually prejudiced by the admission of the narrative or diagram because the same evidence was introduced at trial through other sources.

2. **Appeal and Error—preservation of issues—closing argument—not transcribed**

An appellate argument concerning the closing argument in an automobile case was dismissed where the argument was not transcribed nor adequately set out in narrative form.

3. **Witnesses—voir dire limited—judge's memory of early testimony**

The trial court did not abuse its discretion by limiting the *voir dire* of an officer concerning an accident report. The judge stated that he remembered the officer's testimony from the first trial and did not need to hear the testimony a second time.

4. **Evidence—officer's opinion—right of way—excluded**

The trial court did not abuse its discretion in an action arising from an automobile accident by excluding an officer's testimony regarding his opinion as to which party had the right of way. The officer did not have the requisite personal knowledge to offer his opinion.

Appeal by plaintiff from judgment entered 19 December 2011 by Judge Theodore S. Royster in Alexander County Superior Court. Heard in the Court of Appeals 10 January 2013.

*Homesley, Gaines & Dudley, LLP, by Edmund Gaines and Christina Clodfelter, for plaintiff-appellant.*

*McAngus, Goudelock & Courie, by Colin E. Scott, for defendant-appellee.*

DAVIS, Judge.

Jackie Dale Joines ("plaintiff") appeals from the trial court's entry of judgment upholding a jury verdict denying him recovery from Brittany Moffitt ("defendant") based on contributory negligence. After careful review, we affirm the trial court's judgment.

## Factual Background

This case arises out of a motor vehicle collision that occurred at approximately 1:00 p.m. on 5 February 2008 at the intersection of Highway 115 and Plaza Drive in Mooresville, North Carolina. Plaintiff was traveling south on Highway 115 on his motorcycle when he moved into the left turn lane approaching the intersection. Defendant, in her car, was exiting a shopping center parking lot and waiting to enter onto Highway 115. Traffic was stopped, and a truck driver motioned for defendant to leave the parking lot so she could merge onto the highway. As she merged, defendant and plaintiff collided. Defendant's vehicle hit plaintiff in the leg and knocked him off his motorcycle. Plaintiff was hospitalized, and a portion of his right leg below the knee was ultimately amputated as a result of his injuries.

Officer Mike Allen ("Officer Allen") of the Mooresville Police Department investigated the accident and prepared an accident report after interviewing defendant and two witnesses, James Blackwelder ("Blackwelder") and Sherri Jackson ("Jackson"), at the scene. The accident report included a hand-drawn diagram and a narrative of the accident based upon the information he received from defendant, Blackwelder, and Jackson.

On 16 February 2010, plaintiff filed a complaint against defendant, alleging that defendant's negligence was the proximate cause of the injury to his leg. In her answer, defendant denied plaintiff's allegations and asserted the affirmative defense of contributory negligence.

Specifically, defendant alleged that plaintiff had failed to obey traffic markings, improperly changed lanes, unlawfully passed stopped vehicles, unlawfully crossed over the double yellow line, and operated his vehicle left of center.

The case was tried before a jury, which returned a verdict finding defendant negligent but also finding plaintiff contributorily negligent. The Honorable Theodore S. Royster entered judgment on the jury's verdict, and plaintiff gave timely notice of appeal to this Court.

## Analysis

### I. Admission of Accident Report

[1] Plaintiff initially argues that the trial court erred in admitting the accident report without first redacting Officer Allen's narrative or his hand-drawn diagram of the collision on the theory that these portions of the report contained inadmissible hearsay.[1] We disagree.

The trial court's decision to admit or exclude evidence is generally reviewed under an abuse of discretion standard. *Williams v. Bell*, 167 N.C. App. 674, 678, 606 S.E.2d 436, 439 (2005). An abuse of discretion occurs when the trial judge's decision "lacked any basis in reason or was so arbitrary that it could not have been the result of a reasoned decision." *Id.* (internal quotations marks omitted).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. R. Evid. 801(c). Although hearsay is generally inadmissible, records of regularly conducted business activities are admissible as an exception to the hearsay rule under Rule 803 of the North Carolina Rules of Evidence. N.C. R. Evid. 803(6). This Court has held that highway accident reports may be admitted under Rule 803(6) if properly authenticated. *Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 39, 365 S.E.2d 198, 201 (1988). Proper authentication requires a showing that the report was (1) "prepared at or near the time of the act(s) reported"; (2) prepared "by or from information transmitted by a person with knowledge of the act(s)"; and (3) "kept in the course of a regularly conducted business activity, with such being a regular practice of that business activity." *Id.* If a document meets these criteria, it is admissible unless the circumstances surrounding the preparation of the report "indicate a lack of trustworthiness." N.C. R. Evid. 803(6).

---

1. The portion of the narrative stating that plaintiff "was charged with left of center" was redacted before the accident report was admitted into evidence at trial.

Here, Officer Allen's testimony authenticated the accident report and laid the proper foundation for the report's admission into evidence under Rule 803(6). Specifically, he testified that: (1) he authored the accident report; (2) the report admitted into evidence was a copy of the report he completed; (3) the report was prepared near the place and time of the accident; (4) it was prepared in the regular course of business; and (5) it was the regular course of practice for the Mooresville Police Department to make such reports. He also testified that he obtained the information he used to prepare his report from defendant, Blackwelder, and Jackson.

Plaintiff contends that the narrative and diagram sections were nevertheless inadmissible because the circumstances surrounding the preparation of those portions of the accident report indicated a lack of trustworthiness. Plaintiff asserts that the narrative was untrustworthy because it was not based on the officer's personal knowledge and did not include a statement from plaintiff. He further argues that the diagram lacked trustworthiness because it was not drawn to scale and incorrectly indicated where the turn lane began.

This Court addressed a similar argument in *Nunnery v. Baucom*, 135 N.C. App. 556, 521 S.E.2d 479 (1999). In *Nunnery*, the defendants conceded that the accident report was admissible as a record of regularly conducted activity, but objected to the introduction of the portion of the report regarding a description of a particular vehicle and the designation on a diagram of that vehicle's location. *Id.* at 565-66, 521 S.E.2d at 486. The defendants argued that these portions of the report were untrustworthy and should have been redacted because the driver of that vehicle was not present at the scene when the officer was preparing the report. *Id.*

In rejecting that argument, this Court noted that the hearsay exception for records of regularly conducted activity "expressly provides for the use of information from those having first-hand knowledge of the incident in question" and found that the officer used information from "several other witnesses 'with knowledge of the act(s)' " to prepare his report. *Id.* The Court thus concluded that these portions of the report did not lack trustworthiness, and the trial court did not err in admitting the report in full. *Id.*

In the present case, the investigating officer prepared both the narrative and diagram using information he received from defendant, Blackwelder, and Jackson as permitted by Rule 803(6). Officer Allen explicitly stated both at trial and in his report that the hand-drawn diagram

was not drawn to scale. Plaintiff has failed to demonstrate that either the narrative or the diagram lacked sufficient trustworthiness to warrant its exclusion.

Plaintiff's attempt to rely on *Wentz* is misplaced. In *Wentz*, this Court held that a trooper's accident report was admissible under the Rule 803(6) business records exception where the trooper interviewed the plaintiff and the defendant at the scene, reported the information given to him by both parties, and did not express an opinion of fault. 89 N.C. App. at 40, 365 S.E.2d at 201-02. Plaintiff misinterprets *Wentz* as standing for the proposition that an accident report is trustworthy – and thus admissible — *only* in those limited circumstances. *Wentz* does not so hold.

Here, as stated above, Officer Allen prepared the report near the time of the accident, using information from individuals who had personal knowledge of the accident. Accident reports of this type are, according to Officer Allen's testimony, prepared and kept in the regular course of business of the Mooresville Police Department. For these reasons, the report met the criteria required by Rule 803(6), and the fact that Officer Allen did not interview plaintiff — who was receiving medical attention at the scene — does not render the report untrustworthy.

Nor does our decision in *Seay v. Snyder*, 181 N.C. App. 248, 638 S.E.2d 584 (2007), mandate a different result. In *Seay*, this Court held that a trooper's diagram of a collision was properly excluded by the trial court because the diagram improperly expressed a conclusion as to the point of impact based on the trooper's physical findings at the scene of the accident. *Id.* at 257-58, 638 S.E.2d at 590-91. The trooper in *Seay* prepared her report solely from the gouge marks in the road, the position of the cars after the collision, and the debris from the accident. *Id.*

Unlike the diagram at issue in *Seay*, Officer Allen's diagram utilized information provided by witnesses who had personal knowledge of the accident. Instead of expressing an improper conclusion or opinion of his own based on physical evidence at the scene, Officer Allen's diagram merely visually depicted the information offered by witnesses who observed the accident. Thus, the diagram in the present case is distinguishable from the one excluded in Seay and was properly admitted under Rule 803(6).

Finally, while plaintiff cites *State v. Castor*, 150 N.C. App. 17, 562 S.E.2d 574 (2002), for the proposition that the trial court erred by failing to make specific findings of fact and conclusions of law regarding the report's trustworthiness, that case is easily distinguishable. In *Castor*,

the hearsay exception at issue was not the business records exception under Rule 803(6) but rather the catch-all exception set out in Rule 803(24). *Id.* at 25-27, 562 S.E.2d at 580-81. It is well established that the "admissibility of evidence under the catch-all exception is proper only after the trial court undertakes a particularized analysis and thereafter enter[s] appropriate statements, rationale, or findings of fact and conclusions of law . . . in the record to support his discretionary decision[.]" *State v. Thomas*, 119 N.C. App. 708, 718, 460 S.E.2d 349, 356 (1995) (citation and quotation marks omitted).

Thus, pursuant to Rule 803(24), the trial court in *Castor* was required to make specific findings of fact and conclusions of law regarding the trustworthiness of the statement at issue. Admissibility of a business record under Rule 803(6), conversely, requires no such particularized findings, and the trial court in the present case was not obligated to make express findings as to why the report was trustworthy.

Finally, even assuming *arguendo* that the accident report should have been redacted in the manner advocated by plaintiff, plaintiff cannot establish that he was actually prejudiced by the admission of the narrative or diagram because the same evidence was introduced at trial through other sources. Blackwelder and Jackson, the two eyewitnesses who provided the information upon which the narrative and diagram were based, both testified at trial. Although Blackwelder stated that he was checking his mirror and did not observe plaintiff's location before the collision, Jackson specifically testified that she saw plaintiff operating his motorcycle left of center and passing stopped vehicles before he collided with defendant's car. Moreover, photographs of the scene were introduced by both parties to show the jury the intersection where the accident occurred. Accordingly, plaintiff has failed to demonstrate reversible error.

## II. Statements During Closing Argument

**[2]** Plaintiff next argues that the trial court erred in overruling his objection to statements in defendant's closing argument in which defense counsel compared the present case to *Fisk v. Murphy*, ___ N.C. App. ___, 713 S.E.2d 100 (2011). Plaintiff correctly states that "[i]t is not permissible argument for counsel to read, or otherwise state, the facts of another case, together with the decision therein, as premises leading to the conclusion that the jury should return a verdict favorable to his client in the case on trial." *Wilcox v. Glover Motors, Inc.*, 269 N.C. 473, 479, 153 S.E.2d 76, 81 (1967). Unlike in *Wilcox*, however, the closing arguments in the present case were neither recorded nor transcribed.

## JOINES v. MOFFITT

[226 N.C. App. 61 (2013)]

> Appellate review is based solely upon the record on ap-
> peal; it is the duty of the appellant[] to see that the record
> is complete. This Court will not engage in speculation as
> to what arguments may have been presented . . . . It is not
> the role of this Court to fabricate and construct arguments
> not presented by the parties before it.

*McKoy v. Beasley*, ___ N.C. App. ___, ___, 712 S.E.2d 712, 716-17 (2011)
(internal citations and quotation marks omitted).

Here, because the parties' closing arguments were neither transcribed
in the record nor adequately set out in narrative form under Rule 9(c) of
the North Carolina Rules of Appellate Procedure, plaintiff has failed to
provide a complete record to this Court that is sufficient to permit mean-
ingful review on this issue. N.C. R. App. P. 9(c). Plaintiff first submitted a
proposed record on appeal to defendant containing a joint stipulation as
to the statements made during the challenged portion of defendant's clos-
ing argument. Defendant objected to the proposed stipulation, asserting
that the arguments were not recorded and that the attorneys' memories
of the arguments would be inaccurate. Plaintiff then requested judicial
settlement of the record under Rule 11(c). N.C. R. App. P. 11(c).

The trial court heard plaintiff's motion to settle the record and
determined that both parties "shall be allowed to submit a statement
regarding the use of the case of *Fisk v. Murphy* in closing argument. In
the alternative, the Defendant may submit a statement noting the objec-
tion to use of the statement in the record."

In accordance with the trial court's order, plaintiff submitted a nar-
ration of this portion of defendant's closing argument. Defendant, in
turn, submitted a statement asserting the practical difficulty of accu-
rately narrating the unrecorded argument and arguing that plaintiff had
failed to properly preserve the issue for appeal.

Therefore, although plaintiff attempted to narrate the relevant por-
tion of defendant's closing argument pursuant to Appellate Rule 9(c)
— which allows for narration of portions of the trial proceedings as an
alternative to a verbatim transcript — there is no evidence that plain-
tiff's version of the argument "accurately reflect[s] the true sense of . . .
[the] statements made[.]" [2] N.C. R. App. P. 9(c)(1). Instead, the narration

---

2. In its order settling the record, the trial court stated that it "cannot recall the de-
tails of the discussion of the case." In addition, defendant's appellate counsel stated in his
objection to the narration that because he had not represented defendant at trial, he could
not speak as to what had occurred during the closing argument.

included in the record is based solely upon plaintiff's contentions as to what occurred during closing arguments.

When the closing arguments of counsel are not transcribed and included in the record, an appellate court is precluded from addressing issues relating to the content of those arguments. *See Heatherly v. Indus. Health Council*, 130 N.C. App. 616, 624, 504 S.E.2d 102, 108 (1998) (finding that "the closing arguments are not transcribed in the record before this Court, and we are thereby precluded from addressing [the] plaintiff's contention"); *see also State v. Carver*, ___ N.C. App. ___, ___, 725 S.E.2d 902, 906 (2012) ("[B]ecause the closing arguments were not transcribed and are not before this Court on appeal, [defendant] has failed to satisfy his burden of presenting an adequate record to support his contention."). Accordingly, this argument is dismissed.

### III. *Voir Dire* of Officer Allen

**[3]** Plaintiff next contends that the trial court erred by limiting his *voir dire* of Officer Allen. Plaintiff alleges that the trial court abused its discretion by terminating the *voir dire* of Officer Allen before plaintiff had an opportunity to establish that the narrative and diagram in the accident report lacked trustworthiness. A trial court's rulings in connection with *voir dire* examinations are reviewed for abuse of discretion. *State v. Ward*, 354 N.C. 231, 253, 555 S.E.2d 251, 266 (2001) (stating that "the trial court is vested with broad discretion to regulate the extent and manner of questioning by counsel during *voir dire*. . . . [and] [i]n order to demonstrate reversible error in this respect, the defendant must show that the trial court committed a clear abuse of discretion").

"There is ample authority to the effect that the judge presiding at the trial of a law suit may, in his sound discretion, limit the examination and cross-examination of a witness so as to prevent needless waste of the time of the court." *State v. Wright*, 274 N.C. 380, 395, 163 S.E.2d 897, 908 (1968). This case was first tried in July of 2011 and resulted in a mistrial. In the first trial (which was also presided over by Judge Royster) the trial court heard Officer Allen's testimony, admitted the accident report under Rule 803(6), and listened to plaintiff's cross-examination of Officer Allen.

During the second trial, plaintiff sought to conduct a *voir dire* of Officer Allen to establish why the narrative and diagram sections of the report should not be admitted into evidence. After several questions were asked by plaintiff's counsel, Judge Royster stated that he remembered

the officer's testimony from the first trial and did not need to hear the testimony a second time. He then ended the *voir dire* examination.[3]

Plaintiff was given a full opportunity to cross-examine Officer Allen in the jury's presence. During the cross-examination, plaintiff posed numerous questions to Officer Allen regarding the accuracy of the diagram and the reliability of the accident report. Thus, limiting plaintiff's *voir dire* under these circumstances was not an abuse of the trial court's discretion.

## IV. Admissibility of Testimony Regarding Whether Plaintiff Had the Right of Way

**[4]** In his final issue on appeal, plaintiff argues that the trial court erred in sustaining defendant's objection to plaintiff's question to Officer Allen as to whether plaintiff would have had the right of way over a vehicle entering the highway from the shopping center. This contention is also without merit.

A lay witness may testify in the form of opinions or inferences "which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. R. Evid. 701. "[W]hether a lay witness may testify as to an opinion is reviewed for abuse of discretion." *State v. Norman*, ___ N.C. App. ___, ___, 711 S.E.2d 849, 854 (2011) (citation and quotation marks omitted).

Plaintiff's argument on this issue relies primarily on *State v. Miller*, 142 N.C. App. 435, 543 S.E.2d 201 (2001). In *Miller*, this Court held that an officer was properly permitted to testify as a lay witness regarding the condition of the tires of a towed vehicle following a collision. *Id.* at 443-44, 543 S.E.2d at 206-07. This Court determined that the officer's testimony was "rationally based on his perception gained through experience as a State Highway Patrolman." *Id.* Here, plaintiff argues by analogy that Officer Allen should have been permitted to testify regarding who had the right of way because such an opinion was "based on his perception gained through his experience as an officer with the Mooresville Police Department for eleven to twelve years."

---

3. Although the trial court's reliance upon personal memory of a prior proceeding can, in some circumstances, render meaningful appellate review impossible, such is not the case here. *See Hensey v. Hennessy*, 201 N.C. App. 56, 68, 685 S.E.2d 541, 549 (2009). ("Appellate review of the sufficiency of the evidence to support the trial court's findings of fact is impossible where the evidence is contained only in the trial judge's memory."). Despite the trial court's reliance upon memory in making the decision to end the *voir dire* examination, Officer Allen's testimony at trial provides a sufficient record for our review of the trial court's ruling that the narrative and diagram in the accident report were admissible.

The facts in *Miller* are distinguishable from those in the present case. In *Miller*, the investigating officer personally observed the tires of the vehicles following the accident and was, therefore, able to testify regarding the tires' condition in accordance with Rule 701. *Id.* at 443-44, 543 S.E.2d at 207 (stating that Rule 701 includes shorthand statements of fact which encompass "a witness' conclusion as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time.") (internal quotation marks omitted).

In the present case, conversely, Officer Allen did not have the requisite personal knowledge to offer his opinion on which party had the right of way. Although plaintiff argues that Officer Allen "personally observed the intersection, the location of the lanes, the lines marking the lanes, and the traffic patterns at the intersection," he did not personally witness the accident or observe the placement of the vehicles at the time of the accident.

> "Our State Supreme Court has held in several cases that while it is competent for an investigating officer to testify as to the condition and position of the vehicles and other physical facts observed by him at the scene of the accident, his testimony as to his conclusions from those facts is incompetent."

*Blackwell v. Hatley*, 202 N.C. App. 208, 213, 688 S.E.2d 742, 746 (2010) (quoting *State v. Wells*, 52 N.C. App. 311, 314, 278 S.E.2d 527, 529 (1981)).

Our Supreme Court expressly addressed the admissibility of an officer's statement regarding which party had the right of way in *Jones v. Bailey*, 246 N.C. 599, 99 S.E.2d 768 (1957). In *Jones*, the plaintiff testified that he heard a conversation between the officer and the defendant where the defendant asked if she had the right of way and the officer replied in the negative. *Id.* at 600-01, 99 S.E.2d at 769-70. The Court ruled that the testimony was inadmissible on two grounds: (1) it was improper hearsay evidence; and (2) "it was a declaration of an opinion or conclusion which [the officer] would not have been permitted to state as a witness." *Id.* at 601, 99 S.E.2d at 770.

The Court determined that the testimony invaded the province of the jury because "[w]hether the plaintiff or the defendant had the right of way at the time they entered the intersection . . . was the crucial question to be resolved by the jury from the evidence before [the jury] could correctly and properly answer the issues submitted to [it]." *Id.* at 602, 99

S.E.2d 770. Therefore, we conclude that the trial court did not abuse its discretion in excluding Officer Allen's testimony regarding his opinion as to which party had the right of way.

## Conclusion

For the reasons stated above, we affirm the trial court's judgment.

AFFIRMED.

Judges STROUD and HUNTER, Jr. concur.