IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-958

Filed 21 May 2025

Catawba County, No. 21CVS001096-170

RICHARD THOMPSON and TINA THOMPSON, Plaintiffs,

v.

ROCK BARN PROPERTIES, INC., JEFF KEEVER CONSTRUCTION, INC., and KEVIN CHEEK (RIDGELINE INSTALLATIONS), Defendants.

Appeal by plaintiffs from final judgment entered 16 January 2024 by Judge Michael D. Duncan in Superior Court, Catawba County. Heard in the Court of Appeals 22 April 2025.

> *Matthew K. Rogers, for plaintiffs-appellants.*

> *Bolster Rogers, PC, by Jeffrey S. Bolster and Melissa R. Monroe, for defendant-appellee Jeff Keever Construction, Inc.*

> *Morgan Law, PLLC, by William E. Morgan, for defendant-appellee Kevin Cheek (Ridgeline Installations).*

ARROWOOD, Judge.

Richard and Tina Thompson ("plaintiffs") appeal from the trial court's final judgment denying their renewed directed verdict motion, motion to reconsider, motion for judgment notwithstanding the verdict and motion for new trial. This final judgment followed the trial court granting a motion for summary judgment in favor of defendant Kevin Cheek ("Cheek") on a breach of contract claim, directed verdict in

favor of Cheek and defendant Jeff Keever ("Keever") (together, "defendants")[1] on fraud claims and unfair and deceptive trade practices claims, a jury verdict in Keever's favor on all other claims, and an order granting defendants' motions for costs. For the following reasons, we affirm the judgment of the trial court.

## I.     Factual Background

The settled record on appeal tends to show the following. Rock Barn contracted with Keever to serve as the general contractor to construct a home in Conover, North Carolina. In March 2019, plaintiffs became interested in this home, performed two walk-throughs, and signed a purchase offer, closing on 11 April 2019.

Later that year, issues relating to moisture and flooring began to develop. Keever began working to address these issues, first subcontracting with Startown Carpet ("Startown"), and later involving Cheek to install replacement flooring. The repairs stretched over the next year and a half, resulting in multiple conflicts between the various parties involved. Keever's involvement with the home repairs ended in November 2020, and plaintiffs' relationship with Rock Barn continued to degrade into early 2021.

Plaintiffs subsequently initiated this case with a seven-claim complaint filed 4 May 2021. Their complaint alleged breaches of contract (including breaches of express and implied warranties), fraud, negligent misrepresentation, and unfair and

---

[1] Defendant Rock Barn Properties, Inc. settled with plaintiffs before trial and is therefore not a party to this appeal. It is referred to as "Rock Barn" within the factual background.

deceptive trade practices. Defendants responded with a variety of motions to dismiss, defenses, and, in Keever's case, a third-party complaint against Startown. It appears that two years of discovery followed defendants' responses before Cheek filed a motion for summary judgment. On 26 July 2023, the trial court granted Cheek's motion for summary judgment as to the breach of contract claim, but denied it as to the claims for fraud and deceptive trade practices.[2]

The case went to trial, and a jury was empaneled 31 July 2023. At the close of plaintiffs' evidence, Cheek moved for, and the trial court granted, a directed verdict on all claims against him: fraud, unfair and deceptive trade practices, and punitive damages. At the close of Keever's evidence, plaintiffs moved for a directed verdict, which was denied. The only issues remaining for the jury were those concerning Keever; using an issue sheet, the jury, on 15 July 2023, found that there was a contract between plaintiffs and Keever, that Keever did not breach the contract or the express warranty, that there was an implied warranty of habitability created, and that Keever did not breach this warranty.

On 24 August 2023, plaintiffs renewed their motion for a directed verdict, and moved for reconsideration, JNOV, and a new trial. The trial court denied all these motions on 16 January 2024, denied defendants' motions for attorney's fees, and

---

[2] This order was amended *sua sponte* on 27 July 2023 to reflect that Cheek's motion for summary judgment on plaintiffs' claim for negligent misrepresentation was also granted.

granted defendants' motions for costs. Plaintiffs gave notice of appeal on 15 February 2024.

## II. Discussion

Plaintiffs raise five issues on appeal: (1) that the trial court erred in directing a verdict in favor of defendants on plaintiffs' claims of fraud; (2) that the trial court erred in directing a verdict in favor of defendants on plaintiffs' claims of unfair and deceptive trade practices; (3) that the trial court erred in failing to direct a verdict and enter a judgment notwithstanding the verdict that Keever breached the builder's warranty in the purchase contract and the implied warranty of habitability; (4) that the foregoing trial court errors, combined with the court's refusal to submit specific issues of fact and jury instructions, inclusion of other jury instructions, and comments made by Keever's counsel during closing arguments, confused and prejudiced the jury; and (5) that the trial court erred in awarding defendants' costs. Because plaintiffs have failed to provide this Court with the record necessary to properly review, much less support their arguments, we affirm the judgment of the trial court.

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Green v. Freeman*, 367 N.C. 136, 140 (2013) (quoting *Davis v. Dennis Lilly Co.,* 330 N.C. 314, 322 (1991)). "If there is evidence to support each element of the nonmoving party's cause of action, then the motion for directed verdict and any subsequent motion for JNOV should be denied." *Id.* at 140–41 (cleaned up).

Our review of an appeal is based solely on the record and transcripts provided us by the parties. N.C. R. App. P. Rule 9(a). An appellant is not required to provide the entire transcript, but if they elect to provide only portions, "so much of the testimonial evidence must be designated as is necessary for an understanding of all issues presented on appeal." *Id.* Rule 9(c)(2).

In the case *sub judice*, plaintiffs have elected to provide us with only a portion of the transcript from the trial. The jury was empaneled on 31 July 2023, yet the transcript in the record begins on 7 August 2023, a full week after the trial had begun. Plaintiffs have not indicated what occurred during these days. Additionally, plaintiffs have chosen to only include certain one-sided parts of testimony from critical witnesses, including both defendants and plaintiff Richard Thompson. Defendants' counsel's examination of Cheek is absent, as is the entirety of Keever's direct examination. All cross-examination of Richard Thompson is missing. These omissions clearly do not satisfy Rule 9's requirement to provide enough testimony to understand all the issues or the proceedings below.

Defendants each recognize this, and in their briefs, request the Court dismiss plaintiffs' appeal. We agree that plaintiffs' provided transcript is insufficient and ultimately fatal to their appeal, but we do not find support in our case law that dismissal is an appropriate remedy. However, plaintiffs' response to defendants' request to dismiss provides us with the appropriate framing for our disposition.

Plaintiffs engage in a blatant misstatement of our caselaw regarding the burden of creating and settling the record. Plaintiffs contend that in *Scott v. Scott*, 293 N.C. App. 639 (2024), this Court "found that Rule 9(c) of the North Carolina Rules of Appellate Procedure *places the burden on each respective party* to include in the record sufficient evidence and transcripts necessary to prevail on the issues presented." (emphasis added). That is not what *Scott* holds, and this purported interpretation of Rule 9 has no support in our jurisprudence, particularly in the context of a directed verdict.

In *Scott*, we held that the appellant's failure to provide a transcript bound us to accept the trial court's findings of fact as supported by the evidence for the simple reason that "that the *appellant* – not the appellee – has the duty to ensure that the record is complete." *Id.* at 646 (emphasis in original) (citation omitted). *Scott* is one of many cases that recognizes the burden of compiling a sufficient record rests *squarely on the appellant*, not on either "respective party". *See, e.g., State v. Alston*, 307 N.C. 321, 341 (1983) ("It is the appellant's duty and responsibility to see that the record is in proper form and complete.")

Plaintiffs have failed to sustain their burden by neglecting to provide us with the entire transcript of the trial proceedings, leaving us with no option but to affirm the trial court decisions and the jury verdict. It is impossible to properly evaluate plaintiffs' arguments when they have omitted vital portions of the testimony, the jury charge and the closing arguments of counsel.

The central point of review on a motion for directed verdict "is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Green*, 367 N.C. at 140 (citation omitted). Plaintiffs' appellate counsel's failure to include essential and relevant record materials in asking the question of *whether the evidence is sufficient to be submitted to the jury* is difficult to understand.

In addition, while complaining about a jury charge and counsel arguments, it is impossible to show error without tendering transcripts of those portions of the trial for our review. *See State v. Deese*, 127 N.C. App. 536, 538 (1997) ("In the present case, the record does not contain a transcript of the entire jury charge. In fact, no part of the court's instructions is included in the record. Therefore, we are unable to determine whether when taken as a contextual whole, the instructions given to the jury fairly and accurately set forth the essential elements of the offenses and defenses warranted by the evidence."); *Joines v. Moffitt*, 226 N.C. App. 61, 69 (2013) ("When the closing arguments of counsel are not transcribed and included in the record, an appellate court is precluded from addressing issues relating to the content of those arguments."). Failure to include the necessary portions of the record can only lead to one result: the affirmation of the judgment below.

Any appellant's failure to properly prepare the record pursuant to Rule 9 or any attempts to present a record which only support materials favorable to the appellant is a certain path to failure. In the present case this failure is exacerbated

by trying to excuse the omissions from the record by an obvious misstatement of our case law regarding Rule 9. In view of the insufficiency of the Record we are unable to discern any error in the trial below.

### III. Conclusion

Plaintiffs have failed to properly prepare the Record, therefore, we affirm the trial court's judgment.

AFFIRMED.

Judges ZACHARY and GRIFFIN concur.